# SEAMAN GARSON LLC

April 2, 2009

Mr. David Catanzaro
286 Upper Powderly Street
Carbondale, PA 18407

Re: *David Catanzaro v. Proctor & Gamble, et al.*
Middle District of Pennsylvania Case No. 3:08-cv-2231

Dear David:

As you know, we have extensively reviewed your patent and the facts that support the patent infringement lawsuit that you have filed against Proctor & Gamble and other defendants. This letter will set forth the basis on which we would represent you in that matter.

Pursuant to our discussions, the case will be handled jointly by our firm, Seaman Garson LLP, and the Law Offices of Wayne D. Porter, Jr. With the exception of any hourly billing that may occur, as set forth below, any attorney's fees paid pursuant to a contingency fee recovery will be divided equally between our two firms.

The case against the defendants is uncertain because we do not know the amount of the sales of the infringing product(s) in the relevant time period. We can make out a case that the patent has been infringed. We have reviewed a sample of P&G's product (the mermaid toothbrush) and believe that at least claim one has been infringed by P&G's product. We also have informed you that P&G can be expected to contest the matter vigorously. We will attempt to have the case transferred to the Northern District of Ohio because of our familiarity with that court and due to the convenience to us that would be experienced in conducting the case there.

In view of the uncertain nature of the damages and the likelihood of extensive defenses being interposed by the defendants, we will prosecute the lawsuit without charge up to the point where a reasonable estimate can be made of the amount of money that eventually can be recovered. If our estimate

Rockefeller Bldg. - 16th Floor • 614 W. Superior Ave. • Cleveland, Ohio 44113
Phone 216.830-1000 • Fax 216.696.8558 • www.seamangarson.com


PLAINTIFF'S EXHIBIT A

Mr. David Catanzaro            -2-            April 2, 2009

of the amount of money that eventually can recovered exceeds our investment in billable time, then we would continue to work on the case on a "no bill" basis up to the point where our otherwise billable time equals the expected recovery under the contingency fee arrangement set forth below. If the lawsuit cannot be settled at a point where the expected recovery under the contingency fee arrangement set forth below exceeds our investment in billable time, then the lawsuit either will be dropped or it will be continued, with your approval, at our regular hourly billing rates from that point forward. In addition, should we decide after reasonable inquiry, or discover in the course of this representation, that the chances of a substantial recovery do not warrant, in our opinion and at our sole discretion, the continuation of this action, we have the unconditional right to withdraw from this matter, and you agree to execute whatever documents are required in order to obtain court approval for such withdrawal.

    The contingency arrangement that we propose would be 40% of whatever sums or things of value may be collected from the defendants in any manner (such as a lump sum payment or time-based payments) provided, however, if an appeal is necessary, then the rate would increase to 50%. If the recovery includes sums denominated by the court as attorney fees, then those fees shall be included as part of the recovery prior to the calculation of our fee. Also, our fee shall be calculated prior to any deductions for expenses. As part of our agreement, we would be authorized to receive and collect any judgment and satisfy the same on the records of any appropriate court.

    It is understood that if nothing is recovered on the claim against the defendants, we shall receive no compensation for services other than the potential hourly billing referred to above. Regardless of whether there is a recovery, out-of-pocket expenses and charged expenses directly attributable to your case must be paid by you. Although we are permitted to advance expenses on your behalf, you ultimately must be responsible for paying them. Typical expenses includes such things the cost of obtaining file histories, investigative reports, court costs, court reporter's charges local counsel charges, expert witness fee, travel charges, postage and photocopy charges, exhibits used at trial, and so forth. We reserve the right to employ associate counsel (other than local counsel) when necessary at our discretion and expense.

Mr. David Catanzaro           -3-           April 2, 2009

     If you are in agreement with the foregoing terms, please sign and date the enclosed extra copy of this letter and return it to us. Please let me know if you have any questions.

                        Very truly yours,

                        **Seaman Garson LLP**

                        By: James R. DeRoche

                        **Law Offices of Wayne D. Porter, Jr.**

                        By: Wayne D. Porter, Jr.

I have read this letter and agree with its terms.

                        _____

                        David Catanzaro