# PATENT PURCHASE, ASSIGNMENT AND SETTLEMENT AGREEMENT

between

*David Catanzaro*

and

*The Procter & Gamble Company*

*Church & Dwight Co., Inc.*

*Wal-Mart Stores, Inc.*

*CVS Pharmacy, Inc.*

*Rite Aid Corporation*

Made as of the 25th day of February, 2011



PLAINTIFF'S EXHIBIT B

## AGREEMENT

This Agreement is made and entered into this 25th day of February 2011 (the "Effective Date") between David Catanzaro, 286 Upper Powderly St., Carbondale, PA 18407 (hereinafter referred to as "Plaintiff") and The Procter & Gamble Company, One Procter & Gamble Plaza, Cincinnati, Ohio, USA 45202 (hereinafter "P&G"), Church & Dwight Co., Inc., 469 North Harrison St., Princeton, NJ 08543 (hereinafter "C&D"), Wal-Mart Stores, Inc., 702 SW 8th St., Bentonville, AR 72716, CVS Pharmacy, Inc., One CVS Drive, Woonsocket, RI 02895, Rite Aid Corporation, 30 Hunter Lane, Camp Hill, PA 17011 (hereinafter together referred to as "Defendants"); and shall be binding upon and inure to the benefit of the parties hereto, their parents, subsidiaries, affiliates and successors.

## WITNESSETH

WHEREAS, Plaintiff and Defendants are engaged in a dispute involving litigation related to United States Patent No. 6,026,532 (the " '532 patent") in the United States District Court For the Northern District of Ohio, Civil Action No. 1:10-cv-00403, (the "Dispute");

WHEREAS, Plaintiff and Defendants desire to finalize a resolution to the Dispute without further litigation;

WHEREAS, Defendants desire to resolve the Dispute without admitting that any of Defendants' products do infringe or have infringed the '532 patent and without admitting any fault or liability with respect to any of Defendants' products; and

WHEREAS, Plaintiff is the owner of the entire right, title and interest in and to the '532 Patent and 7,653,959 (hereinafter the " '959 Patent")(together with any associated patents or applications hereinafter referred to as "Patent Rights");

NOW THEREFORE, it is agreed as follows:

## PATENT PURCHASE AND ASSIGNMENT

<u>Patent Assignment</u>: Subject to the terms and conditions of this Agreement, and for the consideration set forth herein, Plaintiff agrees to, and does hereby, sell and assign all right title and interest in the '532 patent to C&D. Plaintiff agrees to execute all documents necessary to effect such purchase and assignment, including the Assignment attached hereto as Appendix 1, at no further cost to Defendants.

1

## LICENSE GRANT BY PLAINTIFF

License and Covenant Not to Sue: Subject to the terms and conditions of this Agreement, Plaintiff hereby grants to P&G and C&D, their successors and assigns, distributors and customers a gratuitous, fully paid-up, irrevocable, non-exclusive, world-wide license under U.S. Patent No. 7,653,959 and all other patents and patent applications in all countries of the world corresponding thereto, having a priority derived therefrom, or a common priority or priority claim therewith; all divisional, continuation and continuation-in-part applications derived from any of the above applications or patents; all patents issuing as a result of the above patent applications; and all patents of addition, reissues, reexaminations and extensions of any of the above patents (hereinafter "Licensed Patent Rights") to make, have made, use, sell, offer for sale, import and export toothbrush products. In addition, Plaintiff covenants not to sue P&G or C&D for patent infringement under the Licensed Patent Rights for any reason in any country; or any P&G or C&D supplier, distributor or customer for patent infringement under the Licensed Patent Rights for making, using, offering for sale, selling, importing or exporting any of the Spinbrush toothbrush products (e.g. Mermaid, Dolphin and Astronaut) in any country on behalf of P&G and/or C&D.

## MUTUAL RELEASE

Mutual Release: In return for the rights and obligations set forth herein, Plaintiff hereby forever releases Defendants from any liability or claim for damages, royalties, or any other remedy or compensation for past, present and future infringement of the Patent Rights, the Licensed Patent Rights and any other claims or defenses related to this Dispute. In return for the rights and obligations set forth herein, Defendants hereby forever release Plaintiff from any liability or claim for damages, royalties, or any other remedy or compensation for any claims or defenses related to this Dispute.

## PAYMENT

Payment: In return for the purchase and assignment of the '532 patent, P&G and C&D will each pay Plaintiff a single, lump-sum payment of $62,500.00 for a combined total of $125,000.00 paid by Defendants to Plaintiff (hereinafter, the "Payment"). The Payment will be paid by March 21, 2011 to the trust account of Plaintiff's attorney, Wayne D. Porter, Jr.

## COSTS

Costs: Each party shall be responsible for its own costs and expenses including attorneys' fees, except that P&G shall pay the cost and expenses of the mediator accrued on or before the Effective Date of this Agreement and related to this Dispute.

## CONFIDENTIALITY & NOTICE

<u>Confidentiality</u>: Each party hereto agrees to maintain the terms of this Agreement in confidence, except (1) the parties may disclose any portion of the Agreement required by law, regulation, judicial or governmental request, or order to be disclosed; (2) P&G and C&D may disclose the existence of this Agreement to suppliers, contract manufacturers, distributors, and customers on a confidential basis; and (3) Plaintiff may disclose the existence of this Agreement, on a confidential basis, to entities accused of infringing the '959 patent. In the event one party is required by law to disclose this Agreement, such party will provide the other party with notice of any such requirement in sufficient time to permit the other party to seek an appropriate protective order or take other action to protect the confidentiality of this Agreement. No liquidated damages shall be attributable to a breach of this provision of the Agreement.

<u>Notice</u>: Notices under this Agreement shall be in writing and shall be deemed sufficient and delivery thereof shall be deemed complete on the day of receipt if sent by Plaintiff by overnight commercial carrier to:

> The Procter & Gamble Company
> 299 East Sixth St.
> Cincinnati, Ohio 45202
> ATTENTION: Vice President & General Counsel – IP

> Church & Dwight Co., Inc.
> 469 North Harrison Street
> Princeton, NJ 08543-5297
> ATTENTION: Law Dept. – Associate General Counsel & Patent Counsel

or if sent by P&G or C&D by overnight commercial carrier to:

> David Catanzaro
> 286 Upper Powderly Street
> Carbondale, PA 18407

## DISMISSAL AND WITHDRAWAL OF LEGAL ACTIONS

<u>Dismissal and Withdrawal of Legal Actions</u>: The parties agree that within 3 days of the Effective Date of this Agreement, they will file a Stipulation and Order Of Dismissal With Prejudice, thereby dismissing with prejudice all claims against each other in the following United States Legal Action, with each party bearing its own attorneys fees, costs and expenses:

*David Catanzaro v. The Procter & Gamble Company, et al.,* Case 1:10-cv-00403 (SLR) (filed in the U.S. District Court in the Northern District of Ohio), wherein PLAINTIFF has alleged that P&G and C&D are infringing the '532 patent.

## REPRESENTATIONS AND WARRANTIES

<u>No Other Relevant Patents</u>: Plaintiff represents that, to its knowledge, Plaintiff owns no patents other than the Patent Rights that are relevant to any toothbrush products that P&G or C&D markets or marketed prior to or as of the Effective Date of this Agreement; and warrants that it will not raise with P&G or C&D or enforce against P&G or C&D any other patents in relation to P&G's or C&D's making, having made, importing, exporting, using, offering for sale, and selling any toothbrush products that are manufactured or marketed by P&G or C&D prior to or as of the Effective Date of this Agreement.

<u>Right to Enter Agreement</u>: Each party hereto represents and warrants that it has the full legal right to enter into this Agreement, to make the grant of rights set forth in this Agreement, and to assume the obligations described in this Agreement.

## DISPUTE RESOLUTION

<u>Mediator</u>: If the parties have disagreement over any of the terms of this Agreement or the Memorandum of Agreement dated February 14, 2011 or any negotiation of, compliance with or implementation of said terms, and cannot resolve such issues by themselves, they agree to promptly submit such issues to mediation with Mr. George Rooney Jr., who presided over the Mediation between the parties. If the parties cannot reach agreement, the mediator will have the authority to make a binding determination.

## MISCELLANEOUS PROVISIONS

<u>Assignment</u>: The parties may assign their rights under this Agreement to any person or entity.

<u>Jurisdiction & Choice of Law</u>: This Agreement shall be governed by and is to be interpreted under the laws of the State of Ohio, U.S.A.

<u>Severability of Provisions</u>: If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity and enforceability of the remaining provisions shall not be affected thereby, nor shall the validity or enforceability of such provisions or this Agreement as a whole be affected thereby in any other jurisdiction.

<u>Interpretation and Construction</u>: This Agreement has been fully and freely negotiated by the parties hereto with the advice of legal counsel, shall be considered as having been drafted jointly by the parties hereto, and shall be interpreted and construed as if so drafted, without construction in favor of or against any party on account of its participation in the drafting hereof.

<u>Acknowledgement of Compromise</u>: The parties agree and acknowledge that this Agreement is the result of a compromise. While this Agreement resolves certain issues between the parties, it does not constitute an admission by any party of any liability whatsoever, or any admission of any party's infringement or non-infringement of any patent, or the validity or invalidity of any patent.

Integration: The terms and provisions contained in this Agreement constitute the entire agreement and understanding between the parties to this Agreement. No party has relied, or will rely, on any representation or agreement of the others except to the extent set forth herein and no party shall be bound by or charged with any oral, written or implied agreements, representations, warranties, understandings, commitments or obligations not specifically set forth herein. This Agreement may not be released, discharged, abandoned, changed or modified in any manner except by an instrument in writing signed by a duly authorized officer of each of the parties hereto.

Each of the parties hereto has caused this instrument to be executed by its respective duly authorized representative as of the date and year first written above.

**PLAINTIFF: DAVID CATANZARO**

BY: *[signature]*

(Print): DAVID CATANZARO

DATE: 2-28-11

**THE PROCTER & GAMBLE COMPANY**

BY: _____

(Print): _____

TITLE: _____

**WAL-MART STORES, INC.**

BY: _____

(Print): _____

TITLE: _____

DATE: _____

**CVS PHARMACY, INC.**

BY: _____

(Print): _____

TITLE: _____

DATE _____

5

    <u>Integration</u>: The terms and provisions contained in this Agreement constitute the entire agreement and understanding between the parties to this Agreement. No party has relied, or will rely, on any representation or agreement of the others except to the extent set forth herein and no party shall be bound by or charged with any oral, written or implied agreements, representations, warranties, understandings, commitments or obligations not specifically set forth herein. This Agreement may not be released, discharged, abandoned, changed or modified in any manner except by an instrument in writing signed by a duly authorized officer of each of the parties hereto.

    Each of the parties hereto has caused this instrument to be executed by its respective duly authorized representative as of the date and year first written above.

**PLAINTIFF: DAVID CATANZARO**

BY: _____

(Print): _____

DATE: _____

**WAL-MART STORES, INC.**

BY: _____

(Print): _____

TITLE: _____

DATE: _____

**THE PROCTER & GAMBLE COMPANY**

BY: _[signature]_____

(Print): _Charles E. Pierce_____

TITLE: _Group President_____

_2/28/11_____

**CVS PHARMACY, INC.**

BY: _____

(Print): _____

TITLE: _____

DATE _____

- 6 -

**RITE AID CORPORATION**

BY: _____

(Print): _____

TITLE: _____

DATE: _____

**CHURCH & DWIGHT CO, INC.**  (SBS)

BY: *Andrew Forsell* (signature)

(Print): Andrew C. Forsell

TITLE: Assistant Corporate Secretary

DATE: February 25, 2011

<u>Integration</u>: The terms and provisions contained in this Agreement constitute the entire agreement and understanding between the parties to this Agreement. No party has relied, or will rely, on any representation or agreement of the others except to the extent set forth herein and no party shall be bound by or charged with any oral, written or implied agreements, representations, warranties, understandings, commitments or obligations not specifically set forth herein. This Agreement may not be released, discharged, abandoned, changed or modified in any manner except by an instrument in writing signed by a duly authorized officer of each of the parties hereto.

Each of the parties hereto has caused this instrument to be executed by its respective duly authorized representative as of the date and year first written above.

**PLAINTIFF: DAVID CATANZARO**

BY: _____

(Print): _____

_____

DATE: _____

**THE PROCTER & GAMBLE COMPANY**

BY: _____

(Print): _____

TITLE: _____

**WAL-MART STORES, INC.**

BY: _____

(Print): _____

TITLE: _____

DATE: _____

**CVS PHARMACY, INC.**

BY: _[signature]_____

(Print): KAREN L FEISTHAMEL

TITLE: ASSISTANT SECRETARY

DATE: Feb 28, 2011

- 5 -

| **RITE AID CORPORATION** | **CHURCH & DWIGHT CO, INC.** |
|---|---|
| BY: _/s/_ | BY: _____ |
| (Print): Ral S. Chima | (Print): _____ |
| TITLE: Senior Counsel | TITLE: _____ |
| DATE: 2/25/11 | DATE _____ |

| RITE AID CORPORATION | CHURCH & DWIGHT CO, INC. (SBS) |
|---|---|
| BY: _____ | BY: *Andrew Forsell* (signature) |
| (Print): _____ | (Print): Andrew C. Forsell |
| TITLE: _____ | TITLE: Assistant Corporate Secretary |
| DATE: _____ | DATE: February 25, 2011 |

## APPENDIX 1

### ASSIGNMENT

I, David Catanzaro, having a residence at 286 Upper Powderly St., Carbondale, PA 18407, declare that I am the sole owner of U.S. Patent Number 6,026,532 entitled "Toothbrush Assembly" ("the '532 Patent") and all of the inventions set forth therein.

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, I sell and assign to Church & Dwight Co., Inc. ("C&D"), their legal representatives, successors and assigns, all right, title, and interest, in the United States and throughout the world, in and to the '532 Patent, as fully and completely as the same would have been held by me had this sale and assignment not been made. The entire right, title and interest shall vest irrevocably in C&D.

I further agree upon request, without additional compensation, to execute or assent to any and all applications for any such inventions, and to execute all other legal documents as may be necessary or desirable to vest the enjoyment of the rights assigned to C&D, their legal representatives, successors and assigns, or as C&D may direct.

I authorize the Commissioner of Patents and Trademarks to indicate that the entire right, title, and interest in the '532 Patent has been sold and assigned to C&D, as set forth herein.

This GLOBAL GENERAL ASSIGNMENT is effective as of the date of execution shown below.

Signed: _David Catanzaro_          2-28-11

David Catanzaro          Date

State of Pennsylvania

} SS

County of Lackawanna

On this 28th day of February, 2011, before me personally appeared David Catanzaro, to me known to be the person named in and who executed the above instrument, and acknowledged to me that he executed the same for the uses and purposes therein set forth. I make this statement conscientiously and with the knowledge that knowingly making false statements herein may be punishable by law.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Donna Gasper, Notary Public
City of Carbondale, Lackawanna County
My Commission Expires May 15, 2014

_Donna Gasper_

Notary Public printed name          Notary Public signature

7