UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO, | ) | CASE NO.: 1:13-CV-00996 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **ANSWER OF WAYNE D. PORTER** |
| | ) | |
| SEAMAN GARSON LLC/LLP, et al., | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes Defendant Wayne D. Porter, Jr. ("Porter" or "this Defendant"), by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for his Answer to Plaintiff's Complaint states as follows:

1. Porter admits Paragraph 1 of the Complaint to the extent that Plaintiff, David Catanzaro ("Catanzaro") has filed a Complaint alleging Legal Malpractice, and denies the balance of the allegations.

2. Porter denies Paragraph 2 of the Complaint.

3. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 3 and therefore denies those allegations.

4. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 4 and therefore denies those allegations.

5. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 5 and therefore denies those allegations.

6. Porter admits Paragraph 6 of the Complaint to the extent that he is an attorney with an office in Cleveland, Ohio and is the owner/founder of the Law Offices of Wayne D. Porter, Jr., and denies the balance of the allegations.

7. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 7 and therefore denies those allegations.

8. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 8 and therefore denies those allegations.

9. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations.

10. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 10 and therefore denies those allegations.

11. Porter admits Paragraph 11 of the Complaint to the extent that the 532 Patent issued on February 22, 2000, and denies the balance of the allegations. Further answering, the application for the 532 Patent was filed December 30, 1996.

12. Porter admits Paragraph 12 of the Complaint to the extent that the 959 Patent is a continuation of and on the 532 Patent, and denies the balance of the allegations.

13. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

14. Porter admits Paragraph 14 of the Complaint to the extent that Catanzaro filed an action, *pro se*, in the U.S. District Court for the Middle District of Pennsylvania captioned *David Catanzaro v. Proctor and Gamble, et al*, Case No.: 3:08 CV 02231 (the "P & G case"), and denies the balance of the allegations. Further answering, Catanzaro filed the P & G case on December 15, 200**8**.

15. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 15 and therefore denies those allegations.

16. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations.

17. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations.

18. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations.

19. Porter admits Paragraph 19 of the Complaint to the extent that he agreed to handle the P & G case jointly with Seaman Garson, LLP, and to divide attorney's fees equally between their firms. Porter denies the balance of the allegations.

20. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 20 and therefore denies those allegations.

21. Porter admits Paragraph 21 of the Complaint.

22. Porter admits Paragraph 22 of the Complaint to the extent that an Order transferring the P & G case to the Northern District of Ohio was granted on February 8, 2010 with a case opened in Ohio on February 23, 2010, and denies the balance of the allegations.

23. Porter admits Paragraph 23 of the Complaint to the extent that Mediation was held on February 14, 2011, and denies the balance of the allegations.

24. Porter denies Paragraph 24 of the Complaint.

25. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 25 and therefore denies those allegations.

26. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 26 and therefore denies those allegations.

27. Porter admits Paragraph 27 of the Complaint to the extent that Catanzaro contacted him in May of 2012, and denies the balance of the allegations.

28. Porter admits Paragraph 28 of the Complaint.

29. Porter admits Paragraph 29 of the Complaint to the extent that Catanzaro also contacted co-Defendant James A. DeRoche ("DeRoche") via email on June 28, 2012, and denies the balance of the allegations for want of knowledge.

30. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 30 and therefore denies those allegations.

31. Porter denies Paragraph 31 of the Complaint.

### COUNT ONE - PROFESSIONAL NEGLIGENCE

Porter re-alleges all of the admissions, denials and averments contained in Paragraphs 1 through 31 of his Answer as if fully rewritten herein.

32. Porter admits Paragraph 32 of the Complaint to the extent that he owed a duty in connection with his involvement in the P & G case, and denies the balance of the allegations.

33. Porter denies Paragraph 33 of the Complaint.

34. Porter denies Paragraph 34 of the Complaint.

### COUNT TWO - RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

Porter re-alleges all of the admissions, denials and averments contained in Paragraphs 1 through 34 of his Answer as if fully rewritten herein.

35. Porter admits Paragraph 35 of the Complaint to the extent that he is the owner of the Law Offices of Wayne D. Porter, Jr., and denies the balance of the allegations for want of knowledge.

36. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 36 and therefore denies those allegations.

37. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 37 and therefore denies those allegations.

38. Porter denies any and all allegations asserted in the Complaint not specifically admitted.

## PRAYER FOR RELIEF

39. In response to Plaintiff's Prayer for Relief, Porter denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

41. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

42. Plaintiff's filing of this action constitutes frivolous conduct pursuant to Ohio Revised Code § 2323.51.

### FOURTH DEFENSE

43. To the extent that Plaintiff has sustained any or all of the losses and damages alleged, which this Defendant specifically denies, then said losses and damages were the direct and proximate result of the acts or actions of persons or entities other than this Defendant.

**FIFTH DEFENSE**

44. To the extent that Plaintiff has sustained any or all of the losses or damages alleged, which this Defendant specifically denies, then said losses and damages were the direct and proximate result of Plaintiff's own negligence, which negligence exceeded the negligence, if any, of this Defendant, thereby barring Plaintiff's entitlement to recovery.

**SIXTH DEFENSE**

45. Plaintiff's claims for relief are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

46. Plaintiff's causes of actions are barred based on the doctrines of waiver, collateral estoppel, judicial estoppel, *res judicata*, laches and accord and satisfaction.

**EIGHTH DEFENSE**

47. Service of process upon this Defendant has been insufficient.

**NINTH DEFENSE**

48. This Defendant reserves the right to assert additional affirmative defenses after conducting further discovery

**WHEREFORE**, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed, and that he go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Elaine Tso*
THOMAS S. MAZANEC (0009050)
ELAINE TSO (0081474)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: etso@mrrlaw.com

Counsel for Defendant Wayne D. Porter, Jr.

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/Elaine Tso*
THOMAS S. MAZANEC (0009050)
ELAINE TSO (0081474)

Counsel for Defendant Wayne D. Porter, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, a copy of the foregoing Answer of Wayne D. Porter was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Elaine Tso*
THOMAS S. MAZANEC (0009050)
ELAINE TSO (0081474)

Counsel for Defendant Wayne D. Porter, Jr.

CNAN-130109/Answer of Wayne Porter