UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID CATANZARO, | ) CASE NO.: 1:13-CV-00996 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) **FIRST AMENDED ANSWER OF WAYNE D. PORTER, JR.** |
| SEAMAN GARSON LLC/LLP, et al., | ) |
| | ) **(Jury Demand Endorsed Hereon)** |
| Defendants. | ) |

Now comes Defendant Wayne D. Porter, Jr. ("Porter" or "this Defendant"), by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for his First Amended Answer to Plaintiff's Complaint states as follows:

1. Porter admits Paragraph 1 of the Complaint to the extent that Plaintiff, David Catanzaro ("Catanzaro") has filed a Complaint alleging Legal Malpractice, and denies the balance of the allegations.

2. Porter denies Paragraph 2 of the Complaint.

3. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 3 and therefore denies those allegations.

4. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 4 and therefore denies those allegations.

5. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 5 and therefore denies those allegations.

6. Porter admits Paragraph 6 of the Complaint to the extent that he is an attorney with an office in Cleveland, Ohio and is the owner/founder of the Law Offices of Wayne D. Porter, Jr., and denies the balance of the allegations.

7. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 7 and therefore denies those allegations.

8. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 8 and therefore denies those allegations.

9. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations.

10. The phrases "Independent Investor" and "design utility" are meaningless and therefore any allegations concerning same are denied. Porter is without sufficient information or belief to form an opinion as to the truth of the remaining allegations contained in Paragraph 10 and therefore denies those allegations.

11. Porter denies Paragraph 11 of the Complaint except to the extent that the '532 Patent issued on February 22, 2000. Further answering, Porter denies that there is such a thing as a "utility patent design" or a "main claimed feature" .

12. Porter denies Paragraph 12 of the Complaint except to the extent that the '959 Patent was issued by the Patent and Trademark Office.

13. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

14. Porter admits Paragraph 14 of the Complaint to the extent that Catanzaro filed an action, *pro se*, in the U.S. District Court for the Middle District of Pennsylvania captioned *David Catanzaro v. Proctor and Gamble, et al*, Case No.: 3:08 CV 02231 (the "P & G case"), and denies the balance of the allegations. Further answering, Catanzaro filed the P & G case on December 15, 200**8**.

15. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 15 and therefore denies those allegations.

16. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations.

17. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations.

18. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations.

19. Porter admits Paragraph 19 of the Complaint to the extent that he agreed to handle the P & G case jointly with Seaman Garson, LLP, and to divide attorney's fees equally between their firms. Porter denies the balance of the allegations.

20. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 20 and therefore denies those allegations.

21. Porter admits Paragraph 21 of the Complaint.

22. Porter admits Paragraph 22 of the Complaint to the extent that an Order transferring the P & G case to the Northern District of Ohio was granted on February 8, 2010 with a case opened in Ohio on February 23, 2010, and denies the balance of the allegations.

23. Porter admits Paragraph 23 of the Complaint to the extent that Mediation was held on February 14, 2011, and denies the balance of the allegations.

24. Porter denies Paragraph 24 of the Complaint.

25. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 25 and therefore denies those allegations.

26. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 26 and therefore denies those allegations.

27. Porter admits Paragraph 27 of the Complaint to the extent that Catanzaro contacted him in May of 2012, and denies the balance of the allegations.

28. Porter denies Paragraph 28 of the Complaint because it is an incomplete statement of the message in question.

29. Porter admits Paragraph 29 of the Complaint to the extent that Catanzaro also contacted co-Defendant James A. DeRoche ("DeRoche") via email on June 28, 2012, and denies the balance of the allegations for want of knowledge.

30. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 30 and therefore denies those allegations.

31. Porter denies Paragraph 31 of the Complaint.

## COUNT ONE - PROFESSIONAL NEGLIGENCE

Porter re-alleges all of the admissions, denials and averments contained in Paragraphs 1 through 31 of his Answer as if fully rewritten herein.

32. Porter admits Paragraph 32 of the Complaint only to the extent that any duty owed to Plaintiff was in connection with a patent infringement suit involving the '532 patent, and that he did not owe a duty to Plaintiff in connection with any other matter or patent.

33. Porter denies Paragraph 33 of the Complaint.

34. Porter denies Paragraph 34 of the Complaint.

## COUNT TWO - RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

Porter re-alleges all of the admissions, denials and averments contained in Paragraphs 1 through 34 of his Answer as if fully rewritten herein.

35. Porter admits Paragraph 35 of the Complaint to the extent that he is the owner of the Law Offices of Wayne D. Porter, Jr., and denies the balance of the allegations for want of knowledge.

36. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 36 and therefore denies those allegations.

37. Porter is without sufficient information or belief to form an opinion as to the truth of the allegations contained in Paragraph 37 and therefore denies those allegations.

38. Porter denies any and all allegations asserted in the Complaint not specifically admitted.

## PRAYER FOR RELIEF

39. In response to Plaintiff's Prayer for Relief, Porter denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

41. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

42. Plaintiff's filing of this action constitutes frivolous conduct pursuant to Ohio Revised Code § 2323.51.

## FOURTH DEFENSE

43. To the extent that Plaintiff has sustained any or all of the losses and damages alleged, which this Defendant specifically denies, then said losses and damages were the direct and proximate result of the acts or actions of persons or entities other than this Defendant.

## FIFTH DEFENSE

44. To the extent that Plaintiff has sustained any or all of the losses or damages alleged, which this Defendant specifically denies, then said losses and damages were the direct and proximate result of Plaintiff's own negligence, which negligence exceeded the negligence, if any, of this Defendant, thereby barring Plaintiff's entitlement to recovery.

## SIXTH DEFENSE

45. Plaintiff's claims for relief are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

46. Plaintiff's causes of actions are barred based on the doctrines of waiver, collateral estoppel, judicial estoppel, *res judicata*, laches and accord and satisfaction.

## EIGHTH DEFENSE

47. Service of process upon this Defendant has been insufficient.

## NINTH DEFENSE

48. This Defendant reserves the right to assert additional affirmative defenses after conducting further discovery.

## TENTH DEFENSE

49. Plaintiff has suffered no damages and Porter has no liability to Plaintiff because the '959 patent is invalid for violations of 35 U.S.C. §§ 102(a), 102(b), 102(c), 102(e), 103(a), 112, paras. 1 and 2, 120, and 132(a).

**ELEVENTH DEFENSE**

50. Plaintiff has suffered no damages and Porter has no liability to Plaintiff because the '959 patent is unenforceable. Upon information and belief, Plaintiff intentionally withheld material information from the Patent and Trademark Office examiner, which information was more material than any information considered by the examiner.

**TWELFTH DEFENSE**

51. Plaintiff has suffered no damages and Porter has no liability to Plaintiff because the '959 patent is unenforceable. Plaintiff filed financial information and tax returns that were relied on by the Patent and Trademark Office to grant Plaintiff's petition to accept the late payment of a maintenance fee on the ground of "Extreme Economic Hardship." Upon information and belief, the financial information and tax returns in question were false, fraudulent, and inaccurate and were intended by Plaintiff to deceive the Patent and Trademark Office as to the true state of Plaintiff's financial condition.

**THIRTEENTH DEFENSE**

52. The existence of the '532 patent is a condition precedent to any action that asserts unenforceability of the '959 patent based on the terms of a terminal disclaimer. The '532 patent never should have existed and is invalid due to violations of 35 U.S.C. §§ 102(a), 102(b), 102(c), 102(e), 103(a), 112, paras. 1 and 2, 120, and 132(b). As a consequence, Plaintiff has suffered no damages and Porter has no liability to Plaintiff.

**FOURTEENTH DEFENSE**

53. The existence of the '532 patent is a condition precedent to any action that asserts unenforceability of the '959 patent based on the terms of a terminal disclaimer. The '532 patent never should have been reinstated for failure to pay maintenance fees. Plaintiff filed financial

information and tax returns that were relied on by the Patent and Trademark Office to grant Plaintiff's petition to accept the late payment of maintenance fees on the ground of "Extreme Economic Hardship." Upon information and belief, the financial information and tax returns in question were false, fraudulent, and inaccurate and were intended by Plaintiff to deceive the Patent and Trademark Office as to the true state of Plaintiff's financial condition.

### FIFTEENTH DEFENSE

54. The existence of the '532 patent is a condition precedent to any action that asserts unenforceability of the '959 patent based on the terms of a terminal disclaimer. The '532 patent expired on February 22, 2012 due to non-payment of maintenance fees. Accordingly, since at least February 22, 2012 the terminal disclaimer in the '959 patent no longer is effective, thereby rendering the '959 patent enforceable.

### SIXTEENTH DEFENSE

55. Plaintiff's cause of action lacks ripeness since Plaintiff has not brought a patent infringement action on the '959 patent against any alleged infringer and has not been denied relief in any such action solely on the ground that the '959 patent is unenforceable based on the terms of a terminal disclaimer.

### SEVENTEENTH DEFENSE

56. Plaintiff's cause of action is speculative since Plaintiff has not brought a patent infringement action on the '959 patent against any alleged infringer and has not been denied relief in any such action solely on the ground that the '959 patent is unenforceable based on the terms of a terminal disclaimer.

### EIGHTEENTH DEFENSE

57. Porter at no time owed a duty to Plaintiff concerning the '959 patent.

**NINETEENTH DEFENSE**

58. Upon information and belief, at all relevant times Plaintiff was represented by counsel other than the present Defendants concerning the '959 patent.

**TWENTIETH DEFENSE**

59. Upon information and belief, Plaintiff fraudulently induced the present Defendants to enter into representation of him concerning the '532 patent.

**TWENTY FIRST DEFENSE**

60. No acts or omissions of Porter while representing Plaintiff violated or fell below the applicable standard of care in the legal profession.

**TWENTY SECOND DEFENSE**

61. At all times relevant to the patent infringement lawsuit concerning the '532 patent, including before, during and after the mediation conducted on February 14, 2011, Plaintiff fraudulently concealed from the present Defendants, the mediator, and the opposing parties the fact that Plaintiff had prepared and filed a terminal disclaimer during prosecution of the '959 patent. The fraudulent concealment was made so that Plaintiff could claim capital gains tax treatment on the proceeds of the suit on the '532 patent while continuing to attempt to enforce the '959 patent against other potential licensees and/or infringers who were not aware of the terminal disclaimer.

**WHEREFORE**, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed, and that he go hence without cost or delay. Respectfully submitted,

        MAZANEC, RASKIN & RYDER CO., L.P.A.

        *s/Elaine Tso*
        THOMAS S. MAZANEC (0009050)
        ELAINE TSO (0081474)
        100 Franklin's Row
        34305 Solon Road
        Cleveland, OH 44139
        (440) 248-7906
        (440) 248-8861 – Fax
        Email:   etso@mrrlaw.com

        Counsel for Defendant Wayne D. Porter, Jr.

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

        *s/Elaine Tso*
        THOMAS S. MAZANEC (0009050)
        ELAINE TSO (0081474)

        Counsel for Defendant Wayne D. Porter, Jr.

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 11, 2013, a copy of the foregoing First Amended Answer of Wayne D. Porter was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Elaine Tso*
THOMAS S. MAZANEC (0009050)
ELAINE TSO (0081474)

Counsel for Defendant Wayne D. Porter, Jr.

CNAN-130109/First Amended Answer of Wayne Porter