IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO, | ) | CASE NO. 1:13-cv-00996-DAP |
| | ) | |
| Plaintiff | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | DEFENDANTS SEAMAN GARSON, |
| | ) | LLC/LLP AND JAMES A. DEROCHE'S |
| SEAMAN GARSON, LLC/LLP, et al. | ) | ANSWER TO PLAINTIFF'S |
| | ) | COMPLAINT |
| Defendants | ) | |
| | ) | JURY DEMAND ENDORSED HEREON |

Now come Defendants, Seaman Garson, LLC and James A. DeRoche, and for their joint Answer to Plaintiff's Complaint, state as follows:

1. Paragraph 1 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

**THE PARTIES**

3. Defendants admit that Plaintiff is an individual who has previously been granted certain patents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and therefore deny the same.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit that James DeRoche has at all relevant times been practicing law in Cleveland, Ohio, while in the scope of his employment with Seaman Garson, and that he and co-defendant Wayne Porter were retained by Plaintiff to represent Plaintiff in the *Catanzaro v. Proctor & Gamble, et al.* litigation. Defendants deny, however, any implication that attorney DeRoche's scope of representation encompassed all aspects of said litigation.

6. Defendants admit that Wayne D. Porter, Jr. is a Cleveland, Ohio lawyer, and that he was engaged as co-counsel in the *Catanzaro v. Procter & Gamble* lawsuit, but deny any implication that Mr. Porter was retained by Seaman Garson rather than Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and therefore deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8. Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

10. Defendants admit that David Catanzaro has obtained certain patents from the U.S. Patent Office, but Defendants are without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint and therefore deny the same..

11. Defendants admit that Plaintiff obtained U.S. Patent No. 6,026,532 (hereinafter "The 532 Patent") on or about February 22, 2000. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12. Defendants admit that Plaintiff obtained U.S. Patent No. 7,653,959 (hereinafter "The 959 Patent"), and that said patent was a continuation of the 532 Patent. Defendants further affirmatively state that in order to receive the 959 Patent, Plaintiff personally executed and filed a terminal disclaimer with the United States Patent and Trademark Office that affirmed Plaintiff's knowledge that the 959 Patent would only be enforceable during periods in which the 959 Patent and the 532 Patent were commonly owned. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore deny the same.

14. Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint, subject to the correct date being December 15, 2008.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint and therefore deny the same.

17. Defendants admit that Plaintiff contacted attorney DeRoche in or around March of 2009 to discuss the case of *Catanzaro v. Proctor & Gamble, et al.*, but Defendants deny the remainder of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants admit that on or about April 2, 2009, attorney DeRoche sent Plaintiff a letter outlining certain terms under which attorney DeRoche and Co-Defendant Porter would represent Plaintiff in the *Catanzaro v. Proctor & Gamble, et al* litigation. Defendants deny any implication that the April 2, 2009 letter sets forth every term of representation, and further state that the letter attached as Exhibit A to Plaintiff's Complaint speaks for itself.

19. Defendants state that the April 2, 2009 letter attached to Plaintiff's Complaint as Exhibit A speaks for itself. Further answering, Defendants admit that the letter indicates the case would be handled jointly by Seaman Garson and the law offices of Wayne D. Porter, Jr., and that the attorneys would attempt to transfer the case to the Northern District of Ohio. Defendants deny the remainder of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that a motion to transfer the underlying case to the Northern District of Ohio was filed on April 29, 2009, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Plaintiff's Complaint and therefore deny the same.

21. Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that a second amended complaint was filed in July of 2009, and that an order transferring the case to the Northern District of Ohio was granted in February of 2010, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of Plaintiff's Complaint and therefore deny the same.

23. Defendants admit that a mediation was held on February 14, 2011, but Defendants deny the remainder of the allegations contained in paragraph 23 of Plaintiff's complaint.

24. Defendants admit that per the settlement agreement attached as Exhibit B to Plaintiff's Complaint, Plaintiff was paid $125,000, and that Defendants received a portion of that amount per the parties' fee agreement. Defendants deny the remainder of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint and therefore deny the same. Defendants further affirmatively state that Plaintiff was aware of the effects of the terminal disclaimer at the time he filed the same in 2001.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants admit that an email exchange involving Plaintiff and attorney DeRoche occurred in June of 2012, but Defendants deny the remainder of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

## COUNT ONE-PROFESSIONAL NEGLIGENCE

Defendants reincorporate, as if fully rewritten herein, each and every admission, denial, or other statements set forth in paragraphs 1-31 of this Answer.

32. Defendants admit that attorney DeRoche had a duty to Plaintiff in accordance with the scope of representation for which he was retained. Defendants deny the remainder of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

## COUNT TWO-RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

Defendants reincorporate, as if fully rewritten herein, each and every admission, denial, or other statements set forth in paragraphs 1-34 of this Answer.

35. Defendants admit that at all relevant times hereto attorney DeRoche was acting in the course and scope of his employment. Defendants are without knowledge or information


sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

## FURTHER AND ADDITIONAL DEFENSES

By way of further and additional defenses to Plaintiff's Complaint, Defendants state that:

1. Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by Plaintiff's comparative negligence.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Any damages Plaintiff has incurred, the existence which are expressly denied, were caused by the acts or omissions of parties other than these answering Defendants and over whom these answering Defendants had no control or right of control.

5. Plaintiff has failed to mitigate his alleged damages, and any recovery to which he might otherwise be entitled is barred or limited thereby.

6. Plaintiff's alleged damages, the existence of which are expressly denied, were directly and proximately caused by the intervening and/or superseding acts of persons or entities other than these answering Defendants.

7. To the extent the doctrines of waiver, estoppel, set-off, laches, avoidable consequences, accord and satisfaction, and/or unclean hands are applicable, any relief to which Plaintiff might otherwise be entitled is barred or limited thereby.

8. Defendants' scope of representation was limited, and did not include advising Plaintiff as to the 959 Patent.

9. Plaintiff's claims are barred by Plaintiff's own affirmative act of filing the terminal disclaimer for the 959 Patent, thereby affirming his knowledge that the 959 Patent was only enforceable when commonly owned with the 532 Patent.

10. Plaintiff's claims fail due to the invalidity of the 959 Patent for reasons including, but not limited to, violations of one or more requirements of the Patent Act, 35 U.S.C. § 1 et seq, including the statutory and/or decisional requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, and 120.

11. Plaintiff's claims fail due to the unenforceability of the 959 Patent for reasons including, but not limited to, the invalidity and/or expiration of the 532 Patent and/or the improper reinstatement of 532 Patent.

12. Defendants respectfully reserve the right to amend their Answer to Plaintiff's Complaint to add such additional defenses, affirmative defenses, cross-claims, counterclaims and/or third party claims as may be necessary based on discovery learned during the course of this action.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Seaman Garson, LLC and James A. DeRoche, pray that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, that judgment be entered in Defendants' favor, that Defendants be awarded their costs and attorney fees, and for such other relief as this Court may deem just and equitable.

Respectfully submitted,

s/Shane A. Lawson
**MONICA A. SANSALONE (#0016543)**
**SHANE A. LAWSON (#0086275)**
**Gallagher Sharp**
Sixth Floor-Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
(216) 241-5310 Telephone
(216) 241-1608 Telefax
E-mail:  msansalone@gallaghersharp.com
slawson@gallaghersharp.com

*Attorneys for Defendants*
*Seaman Garson, LLC/LLP and James A. DeRoche*

## JURY DEMAND

Defendants hereby demand a trial by jury of the within action consisting of the maximum number of jurors permitted by law.

/Shane A. Lawson

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2013, a copy of the foregoing Answer to Plaintiff's Complaint on behalf of Seaman Garson, LLC/LLP and James A. DeRoche was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/Shane A. Lawson
**MONICA A. SANSALONE (#0016543)**
**SHANE A. LAWSON (#0086275)**
**Gallagher Sharp**
*Attorneys for Defendants*
*Seaman Garson, LLC/LLP and James A. DeRoche*