**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **David Catanzaro,            ,** ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **Plaintiff(s),** ) | |
| ) | **CASE NO.   1:13cv996** |
| **vs.** ) | |
| ) | |
| **Seaman Garson LLC/LLP            ,** ) | **CASE MANAGEMENT PLAN** |
| ) | |
| ) | |
| **Defendant(s).** ) | |

**1.** A Telephone Conference was held on   November 22, 2013

**2.** After consultation with the parties and counsel, the Court determined that this case will proceed on the     **Complex**                      track

**3.** The case was referred to Alternative Dispute Resolution (ADR):

Yes _____     No  X          Decision delayed _____

If yes, by the following ADR process:  Early Neutral Evaluation / Mediation / Arbitration / Summary Jury Trial / Summary Bench Trial.

**4.** The parties <u>did not</u> consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §636(c) at this time.

**5.** **Discovery cutoff date:   August 19, 2014**

Discovery shall be conducted according to the guidelines set forth in Local Rule 16.2(a) for cases assigned to this track with the following exceptions:

**Discovery Materials:** No discovery materials shall be filed without leave of Court, except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

**Discovery disputes:** Counsel shall comply with Local Rule 7 before filing discovery motions under Fed. R. Civ. P. 37. The order for resolving discovery disputes under this rule is (1) good faith resolution efforts by counsel, (2) telephone conference call with the Court, triggered by a short letter to the Court from counsel, (3) position letters (not to exceed 2 pages) to the Court, and (4) Fed. R. Civ. P. 37 discovery motion.

6.  **Dispositive motions deadline:** September 19, 2014.

**Briefing schedule:** Counsel are directed to follow the briefing schedule set forth at Local Rule 7.1 and 7.2 for dispositive motions. That is, each party shall serve and file a memorandum in opposition to a dispositive motion within thirty (30) days after service of the motion. The moving party may serve and file a reply memorandum in support of its motion within ten (10) days after service of the memorandum in opposition, excluding intermediate Saturdays, Sundays, and legal holidays. Pursuant to Fed. R. Civ. P. 6(e), three (3) days shall be added to the prescribed period if service is by mail. No surreplies will be permitted absent advance leave of Court.

**Page Limitations:** The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. See Local Rule 7.1(g). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling by regular mail. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied. In no event shall the request to exceed page limitations extend the time for filing of the underlying memorandum.

**Courtesy copies:** Chambers will not accept courtesy copies of pleadings or

memoranda unless expressly requested by the Court. Exception: Any pleadings or memoranda filed within two (2) business days of a conference/hearing/trial shall be faxed to the Court as well as opposing counsel on the same day it is filed. The Court's fax number is **216-357-7195**.

    **7.**    The deadline for amending pleadings and adding parties:  **February 3, 2014**  .

    **8.**    A telephone conference call, initiated by counsel for the plaintiff, will be held in this matter on  **Tuesday, May 20, 2014**  at  **11:30 AM**  .

    **9.**    **A Settlement Conference** is scheduled for _____ **at** \_\_\_\_ Counsel and parties must attend and be prepared to discuss settlement. If a party is a corporation or other legal entity, a person with full settlement authority must be present.

    **Status/Settlement Report:**    Counsel shall confer in person or by phone within seventy-two (72) hours of the status hearing or settlement conference to outline and, if possible, resolve pending matters before the hearing. _____, each counsel shall **FAX** to the Court (but not file or exchange) a concise (not to exceed 5 pages) status/settlement report describing:

    (a)    a brief overview of the material facts,
    (b)    the status of discovery including any outstanding discovery issues,
    (c)    the status of settlement negotiations setting forth a demand and corresponding offer. Plaintiff(s) shall have prepared a written description and monetary breakdown of damages claimed.
and  (d)    a statement of issues to be addressed by the Court including any pending motions.

The Court's fax number is **216-357-7195**.

    **10.**    **Correspondence with the Court:**    Parties and counsel are advised that non-motion or pleading correspondence directed to the Court will not be filed and docketed, but will be maintained inside the case file which is public record (with the exception of the Status/Settlement Report described in item #9).

    **11.**    **Interim Requests for Status Conference:**    Parties wishing a conference before the Court on any issues other than discovery disputes (which are covered under paragraph 5 of this Plan) must submit a letter to the Court:

    (a)    certifying that counsel have made a good faith effort to resolve those issues, and
    (b)    outlining the issue(s) requiring the Court's attention.

    **12.**    **Conduct of counsel:**    Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral

and written communications with each other and the Court. Pleadings which do not conform to this standard will be rejected.

**Case Management Plan Acknowledged By:**

<u>                          </u>
Counsel for Plaintiff(s)

<u>                          </u>
Counsel for Defendant(s)

   **IT IS SO ORDERED.**

           <u>*/s/Dan Aaron Polster 11/2713*</u>
           **Dan Aaron Polster**
           **U.S. District Judge**