# EXHIBIT A

**Bart Keyes**

| | |
|---|---|
| **From:** | Bart Keyes |
| **Sent:** | Thursday, August 28, 2014 2:51 PM |
| **To:** | Monica Sansalone (msansalone@gallaghersharp.com); Thomas Mazanec (tmazanec@mrrlaw.com) |
| **Cc:** | Shane Lawson (slawson@gallaghersharp.com); Elaine Tso (etso@mrrlaw.com); Lori Smurr; Rex  Elliott |
| **Subject:** | Catanzaro v. Seaman Garson et al. - Tax Returns |

Monica and Tom:

I am writing regarding Mr. Catanzaro's tax returns.  We do not think the tax returns are relevant in this case, such that production of them infringes on Mr. Catanzaro's privacy rights.  And given that there was no motion to compel or motion for protective order filed, the Court did not have the benefit of briefs analyzing the issue.  As such, we are prepared to move for reconsideration of Judge Polster's order. But, in an effort to avoid protracted litigation over this issue, I first want to propose a compromise as to the production of tax records, one that takes into account your desire for what you claim are relevant returns and my clients' privacy interest in his personal financial information.

Both of the defendants have requested tax returns from 2003 to present.  On our call with the Court last week, neither of the defendants were able to articulate the specific time frame they thought was relevant when asked by the Court.  The purported relevance of the tax returns, as I understand it, relates to whether Mr. Catanzaro's patents were properly revived—both of your clients have claimed that revival was improper, and Mr. Porter has specifically asserted that the financial information and tax returns provided to the PTO to support extreme economic hardship were false.

The '532 patent was revived after failure to pay maintenance fees for several years.  To establish extreme financial hardship, Mr. Catanzaro relied on his tax returns from 2003 to 2009.

The '959 patent was issued after an abandonment period.  Again, Mr. Catanzaro claimed extreme financial hardship and relied on his tax returns from 2001 to 2008.

Further, as you and your clients know, Mr. Catanzaro asked Mr. Porter and Mr. DeRoche if the P&G settlement could be drafted as an assignment of the '532 patent so that the proceeds could be treated as capital gains income in 2011.

Based on these facts, and even though we disagree that any tax returns are relevant, we propose producing Mr. Catanzaro's tax returns for 2001 through 2009 and 2011 under a confidentiality order.  This would give you all purportedly relevant tax returns (and in fact goes back even further than your original request).

As already stated in the opening of this email, absent agreement on this, we intend to move for reconsideration of the order to produce the tax returns.  Although tax returns may not be fully privileged from discovery, the relevant case law shows that production of tax returns implicates privacy interests, and so production should only be ordered when the returns are clearly relevant and the relevant information is not otherwise readily available.  For example, in *Smith v. Mpire Holdings, LLC*, the court explained:

> Tax returns are subject to discovery in civil litigation between private parties. *See Credit Life Ins. Co. v. Uniworld Ins. Co.,* 94 F.R.D. 113, 119 (S.D.Ohio 1982). However, there are limitations to when a party may be ordered to provide tax returns to an opposing party. Tax returns are discoverable (1) where they are relevant to the action or the issues raised thereunder and (2) the material is otherwise not readily available. *Burket v. Hyman Lippitt, P.C.,* 2007 WL 2214302 at *2 (W.D.Mich. July 27, 2007) (citing cases).

1

*Smith v. Mpire Holdings, LLC*, CIV. 3:08-0549, 2010 WL 711797 (M.D. Tenn. Feb. 22, 2010)

*See also:*

- *Credit Life Ins. Co. v. Uniword Ins. Co. Ltd.*, 94 F.R.D. 113 (S.D. Ohio 1982) ("Although tax returns are not privileged, there is a public policy against unnecessary disclosure, in order that taxpayers can be encouraged to file accurate returns.") (citing *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975));

- *BM Investments, LLC v. Hamilton Family, L.P.*, No. 06-14991, 2008 WL 1995101, *4 (E.D. Mich. May 6, 2008) ("Tax returns are discoverable where they are relevant to the action or the issues raised thereunder and the material is not otherwise readily available."); and

- *Cooper & Hallgarten & Co.*, 34 F.R.D. 482, 483–84 (S.D.N.Y. 1964) ("But assuming that a litigant's tax returns are not privileged and are subject to pretrial procedure, the public policy against disclosure cannot be ignored; it must be taken into account together with the policy which favors liberal pretrial discovery. Giving appropriate weight to each, the production of tax returns should not be ordered unless it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and further, that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable.").

Under this standard, the tax returns from 2010, 2012, and 2013 are not discoverable because they do not contain any relevant information that is not readily available elsewhere.

We believe that our proposed compromise to produce the returns from 2001 to 2009 and 2011 strikes the appropriate balance by providing you with the information you claim is relevant while also protecting Mr. Catanzaro's privacy interests.  Please let me know if you'll accept our proposal.  If not, we will seek reconsideration from the Court, articulating all of the above.

Thank you,
Bart


Barton R. Keyes, Esq.
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio  43221
(614) 481-6000
(614) 481-6001 (facsimile)
www.cooperelliott.com