IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO, | ) | CASE NO. 1:13-cv-00996-DAP |
| | ) | |
| Plaintiff | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | DEFENDANTS SEAMAN GARSON, |
| | ) | LLC AND JAMES A. DEROCHE'S |
| SEAMAN GARSON, LLC/LLP, et al. | ) | BRIEF IN OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION FOR |
| Defendants | ) | RECONSIDERATION |
| | ) | |

Defendants Seaman Garson, LLC and James A. DeRoche (herein "Defendants") hereby respectfully submit their brief in opposition to Plaintiff's motion to reconsider the Court's August 21, 2014 Order to produce relevant tax returns.

I.  **INTRODUCTION**

Mr. Catanzaro's primary claim for damages in this case is lost future revenue resulting from his alleged inability to enforce the 959 Patent. Mr. Catanzaro seeks to prove the value of future losses by relying on income derived from the 959 patent from the time the patent was issued in November, 2009, up through June of 2013. Mr. Catanzaro inexplicably contends, however, that his tax returns for the years 2010, 2012, and 2013 – the *exact* years at issue for purposes of establishing his alleged damages – are not discoverable.[1] The argument is essentially self-refuting.

The past settlement agreements by which Mr. Catanzaro attempts to base future damages were executed during the years with which he now takes issue, and Defendants are entitled to discover what income Mr. Catanzaro reported on his 2010, 2012, and 2013 tax returns in

---
[1] Mr. Catanzaro does not take issue with the production of his 2011 tax returns. (Mtn. for Reconsideration at 9.)

investigating his claimed damages. Mr. Catanzaro's income during these years is directly at issue and the revenue reported on Mr. Catanzaro's tax returns as resulting from the 959 patent is undeniably relevant. Moreover, Mr. Catanzaro's "privacy" concerns have been remedied by the Court's ruling that the tax returns be produced subject to a protective order. The Court has correctly determined that Mr. Catanzaro's tax returns for 2010, 2012, and 2013 are discoverable and thus should be produced. Plaintiff's motion only further needlessly delays discovery and should be denied.[2]

## II. **PERTIENT FACTS**

### *A.   Plaintiff's Claimed Damages*

Mr. Catanzaro's legal malpractice complaint alleges that as a result of the assignment of his 532 patent in settlement of the underlying litigation he is now precluded from enforcing his 959 patent against alleged infringers and has thus suffered damages in the form of future lost revenue.[3] Mr. Catanzaro admits, however, that the U.S. Patent and Trademark Office ("USPTO") has never invalidated the 959 patent, and no court has found the 959 patent to be unenforceable. (*See* Plaintiff's Responses to Defendants' Discovery, attached as Exhibit 1, at Requests for Admission Nos. 23 through 25.) Plaintiff simply says it is so. In fact, it is undisputed that Plaintiff has never even filed suit against any entity for infringement of the 959 patent, and no entity has previously tried to invalidate the 959 patent. (Exhibit 1 at Request for Admission Nos. 22 and 26.) Rather, Plaintiff has made his money by merely sending threatening

---

[2] Mr. Catanzaro has also now confirmed that his tax returns from 2001 through 2006 are directly relevant to issues presented in this case, including whether Mr. Catanzaro's patents were properly revived, and ever became enforceable, after he failed to pay required issuance and maintenance fees. (Mtn. for Reconsideration at 9.) Accordingly, Mr. Catanzaro's tax returns from 2001 to 2006 should also be produced.
[3] Mr. Catanzaro spends much of his motion attempting to argue the alleged merits of his claims by rehashing the allegations in his complaint. While Defendants take issue with the motion's factual assertions and baseless legal conclusions, Defendants will address and prove the meritless nature of Mr. Catanzaro's legal malpractice claims via a motion for summary judgment. The issue presented by Mr. Catanzaro's motion for reconsideration is the discoverability of his 2010, 2012, and 2013 tax returns. Defendants will focus their argument accordingly.

letters to various companies alleging infringement and demanding a pre-suit settlement. If an alleged infringer did not roll over and pay, Mr. Catanzaro simply moved on to a new target.

In fact, *it is now clear that Mr. Catanzaro continued to settle numerous claims for infringement of the 959 patent even after he had filed this lawsuit claiming the patent was unenforceable.*[4] (Exhibit 1 at Request for Admission Nos. 20-21.) Mr. Catanzaro thus now claims future lost revenue because would-be infringers are allegedly refusing to settle claims pre-suit based on knowledge of this lawsuit and the statements made in Mr. Catanzaro's own complaint.[5] (*See, e.g.,* Mtn for Reconsideration at 7.)

Mr. Catanzaro has made it clear that he will attempt to establish the value of alleged future lost revenue by relying on revenue previously received from the 959 patent, which was revived in November of 2009. This revenue includes numerous settlement agreements executed in 2011, 2012, and 2013. (Exhibit 1 at Request for Production at 12.) There can be no doubt that Catanzaro's income from 2009 to the present is directly at issue in this case.

### B. *Plaintiff's Continued Refusal to Produce Relevant Tax Returns*

On April 15, 2014, Defendants issued their first set of interrogatories and document requests to Mr. Catanzaro that included a request for "All W-2 forms, income and payroll statements, and federal, state, and local tax returns for the last 10 years, including 2013." (Exhibit 1 at Request for Production No. 11.) Mr. Catanzaro objected and refused to produce any tax returns claiming that the returns were not reasonably calculated to lead to admissible

---

[4] Mr. Catanzaro is on one hand representing to this Court that the 959 patent is invalid and unenforceable, but on the other hand receiving tens of thousands of dollars from alleged infringers based on representations that the 959 patent was both valid and enforceable.

[5] Mr. Catanzaro also continues to persist in pursuing damages for emotional distress, which are as a matter of law not available in a legal malpractice claim such as this. *See, e.g., Jones v. Zyndorf,* No. 3:12 CV 1490, 2013 U.S. Dist. LEXIS 115564 (N.D. Ohio Aug. 15, 2013) (rejecting claim for damages arising from "mental anguish, anxiety, and stress," in legal malpractice action as such damages only available in cases invovling "intentional, willful conduct."). In accordance with this Court's Order, Defendants have requested Mr. Catanzaro's medical records. To date, Plaintiff has ignored the request and has produced no records. Unfortunately, this may become the subject of future motion practice unless Plaintiff abandons this claim for damages.

evidence. (*Id.*) Defendants' counsel exchanged numerous letters with Plaintiff's counsel disputing the legitimacy of Plaintiff's refusal to produce the tax returns to no avail.[6]

On August 21, 2014, the Court conducted a telephone status conference. In accordance with this Court's November 27, 2013 Case Management Plan, which requires counsel to raise discovery disputes with the Court during a status call prior to filing a motion to compel, Defendants' counsel raised Plaintiff's continued refusal to produce his tax returns. Defendants' counsel set forth two independent reasons for the production of the returns:

1. Mr. Catanzaro's claims of lost future revenue are based on income earned from the 959 patent from the date of its revival in November, 2009 through the date of his last known settlement with an alleged infringer in June, 2013. The amount of revenue reported on his tax returns are directly at issue.

2. Both the 532 and 959 patents were abandoned as a result of Mr. Catanzaro's failure to pay issuance and/or maintenance fees to the USPTO. Mr. Catanzaro revived each patent based on representations to the USPTO that failure to pay the required fees was unavoidable because of "extreme financial hardship." (*See* Mtn. for Reconsideration at 3-5.) Defendants have a right to investigate this claim because if the 959 patent was never properly revived, or revived via fraud, the patent was never enforceable in the first place. Moreover, if the 532 patent was never properly revived, the terminal disclaimer may have no application, rendering Plaintiff's claims in this case moot.

After hearing argument from counsel for each party, the Court ordered Mr. Catanzaro to produce tax returns from 2007 to the present under a protective order based on a belief that those were the years relevant to the foregoing issues. The Court's order was journalized via the Court's minutes of proceedings.[7]

On August 27, Defendants' counsel sent a letter to Plaintiff's counsel requesting the tax returns and confirming that "[w]e are certainly amenable to an agreed-to protective order if you

---

[6] As an illustrative example, a May 19, 2014 letter from Defendants' counsel to Plaintiff's counsel is attached hereto as Exhibit 2. Additional follow-up letters are not included as subsequent letters also address matters covered by Fed.R.Evid. 408.

[7] The timely production of these tax returns is especially important as the discovery cutoff date is fast approaching and the parties are attempting to schedule depositions for the week of October 6.

4

would like to draft the same."[8] Plaintiff's counsel responded with the August 28 email attached to Plaintiff's motion as Exhibit 1. Defendants in turn responded with a letter rejecting Mr. Catanzaro's proposed "compromise" and again insisting that Mr. Catanzaro abide by the Court's ruling.[9] Plaintiff's motion for reconsideration followed. Plaintiff's motion should be denied.

### III. LAW AND ARGUMENT

#### A. *Motion for Reconsideration Standard*

Motions for reconsideration are construed as motions to alter or amend a judgment under Fed.Civ.R. 59(e). *United States v. Cornell*, No. 1:03-CR-00431-2, 2012 U.S. Dist. LEXIS 158985, *4 (N.D. Ohio Nov. 6, 2012). "A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Id.* Courts of this district have repeatedly confirmed that "[m]otions for reconsideration are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Plaskon Elec. Materials v. Allied Signal*, 904 F. Supp. 644, 669 (N.D. Ohio 1995) (quotations omitted); *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851 (N.D. Ohio 2002) (noting that motions for reconsideration are extraordinary in nature, should be discouraged, and imposing sanctions for filing frivolous motion for reconsideration that merely disagreed with court's prior ruling).

#### B. *Plaintiff's Motion Should be Denied; Mr. Catanzaro's Tax Returns from 2010, 2012, and 2013 are Relevant to his Claimed Damages, Directly at Issue in this Case, and Fully Discoverable*

"It is well-settled in the Sixth Circuit that tax returns are not privileged from disclosure." *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 U.S. Dist. LEXIS 55324 (S.D. Ohio May 23, 2011) *citing DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236 (6th Cir. 1989). Rather, tax

---

[8] A copy of the August 27 letter is attached as Exhibit 3.
[9] A copy of the August 29 letter is attached as Exhibit 4.

5

returns are discoverable if their content is relevant such that their production "reasonably may lead to the discovery of admissible evidence." *Id.* at *5. "With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions where a party's income is in issue[.]" *Id.* at *8. *See also Sutherland v. City of Cincinnati,* No. 1:12-cv-205, 2013 U.S. Dist. LEXIS 72556 (S.D. Ohio May 22, 2013) (federal, state, and local tax returns discoverable when plaintiff places income at issue); *Dominion Liquid Techs., LLC v. GT Bev. Co., LLC,* No. 1:11-cv-444, 2013 U.S. Dist. LEXIS 70984 (S.D. Ohio May 20, 2013) (compelling production of tax returns based on claim of lost revenue).

Here, there can be no doubt that Mr. Catanzaro has placed his income directly at issue for the years of 2010, 2012, and 2013. Mr. Catanzaro claims damages for lost future profits from the 959 patent, which he intends to prove by past profits. The 959 patent was revived in November, 2009. (Mtn. for Reconsideration at 5.) Accordingly, Mr. Catanzaro's income from 2009 through the present, including 2010, 2012, and 2013, are clearly relevant to his claimed damages. Moreover, it is undisputed that Mr. Catanzaro settled multiple claims with alleged infringers of the 959 patent in 2012 and 2013. Mr. Catanzaro cannot on one hand rely on income derived during 2012 and 2013 to prove his alleged damages and on the other hand refuse to produce tax returns relevant to the income at issue. Mr. Catanzaro's tax returns are relevant and should be produced.

Plaintiff attempts to side-step the clear relevance of the tax returns by claiming that lost profits can be determined solely from the settlement agreements with alleged infringers. (Mtn. for Reconsideration at 9.) ***But Mr. Catanzaro's alleged lost profits are not determined by the amount of money Mr. Catanzaro may have made in the past, but rather on the amount of money Mr. Catanzaro actually reported on his tax returns.*** It is more than suspect that Mr.

Catanzaro is willing to produce his tax returns for all years *except* the years in which he was settling cases with other entities for alleged infringement. In investigating Plaintiff's claimed damages, Defendants are entitled to discover what amount of revenue Mr. Catanzaro actually claimed and reported to the IRS on his tax returns. *See, e.g., Cont'l Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 U.S. Dist. LEXIS 87780, *9-10 (D. Kan. Nov. 28, 2007) (noting that when plaintiff claims lost profits, tax returns are directly relevant and discoverable for purposes of calculating alleged damages); *Dawson Farms, LLC v. BASF Corp.*, No. 06-0737, 2007 U.S. Dist. LEXIS 10679, *3 (W.D. La. Feb. 15, 2007) (finding that even when plaintiff sought to prove lost profits by means other than tax returns, "tax returns are signed under penalty of perjury and often subject to internal review, [and thus] tax returns are the most reliable records of [plaintiff's] financial activity.").

Moreover, Plaintiff's claim that the production of his 2010, 2012, and 2013 tax returns would invade his privacy rights cannot be supported by law or fact. First, as noted above, tax returns are not privileged and are discoverable under the Federal Civil Rules. *Bricker, supra.* Second, it is Mr. Catanzaro who has filed this lawsuit against Defendants and in so doing put his income at issue by claiming lost future profits as damages. He cannot now claim his tax returns are beyond discovery. Third, this Court has already rendered any "privacy" concerns moot by ordering that all tax returns be produced pursuant to a protective order. Mr. Catanzaro's motion for reconsideration should be denied.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Seaman Garson, LLC and James A. DeRoche respectfully request that Plaintiff's motion for consideration be denied. Mr. Catanzaro's income from 2010, 2012, and 2013 is directly at issue in this case, and Defendants are entitled to test the

validity of Mr. Catanzaro's alleged damages through discovery of his federal, state, and local tax returns.

Respectfully submitted,

/s/Shane A. Lawson
**MONICA A. SANSALONE (#0016543)**
**SHANE A. LAWSON (#0086275)**
**Gallagher Sharp**
Sixth Floor-Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 Telephone
(216) 241-1608 Telefax
E-mail: msansalone@gallaghersharp.com
slawson@gallaghersharp.com
***Attorneys for Defendants Seaman Garson, LLC***
***and James A. DeRoche***

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/Shane A. Lawson
**MONICA A. SANSALONE (#0016543)**
**SHANE A. LAWSON (#0086275)**
**Gallagher Sharp**
***Attorneys for Defendants Seaman Garson, LLC***
***and James A. DeRoche***
