

| | | |
|---|---|---|
| CLEVELAND | TOLEDO | DETROIT |
| Sixth Floor Bulkley Building | 420 Madison Avenue | 39111 West Six Mile Road |
| 1501 Euclid Avenue | Suite 1250 | Suite 141 |
| Cleveland, Ohio 44115 | Toledo, Ohio 43604 | Livonia, MI 48152 |
| 216.241.5310 PHONE | 419.241.4860 PHONE | 734.591.7468 PHONE |
| 216.241.1608 FAX | 419.241.4866 FAX | 734.591.7467 FAX |

Shane A. Lawson
Direct Dial: 216.696.5054
slawson@gallaghersharp.com

PLEASE RESPOND TO CLEVELAND OFFICE

May 19, 2014

**E-Mail**: rexe@cooperelliott.com
bartk@cooperelliott.com
Barton R. Keyes
Rex H. Elliott
Cooper & Elliott
2175 Riverside Drive
Columbus, Ohio 43221

RE: ***David Catanzaro v. Seaman Group, LLC***
USDC, ND of Ohio, Eastern Division
Case No. 1:13-cv-996-DAP, Judge Polster
GS File No.: 97441-122160

Gentlemen:

I am in receipt of your client's written responses to our first set of discovery requests, and it is my understanding that the documents you have agreed to produce have been sent via regular mail. After reviewing the written responses and associated objections, however, outstanding issues remain with regard to your refusal to produce certain relevant and responsive materials. In an attempt to resolve these issues, I have addressed below the specific objections you have asserted that I believe to be improper, and I ask that you agree to provide the materials responsive to the following document requests at your earliest convenience.

**Request for Production No. 1**: This request simply seeks copies of all communications sent to or received by Mr. Catanzaro in the underlying case. You refuse to produce the communications based on a claim that it would be unduly burdensome to require Mr. Catanzaro to produce materials that may be duplicative of those already in Defendants' possession.

As an initial matter, your first set of discovery requests to our client specifically requested copies of all relevant communications in Mr. DeRoche's possession. We provided the responsive materials to you. You cannot now claim that a similar request to your client has become unduly burdensome because Mr. Catanzaro is now on the receiving (rather than issuing) end. Moreover it is not a proper objection to state a belief that all communications would necessarily be duplicative of those already in Mr. DeRoche's possession without undergoing the proper investigation. Mr. Catanzaro may well have communications with Defendants in his possession that are not in Mr. DeRoche's underlying file, and the document request specifically includes

*www.gallaghersharp.com*



Page 2

non-privileged communications with individuals other than Defendants regarding the underlying litigation. By way of example, in addition to all communications with Defendants, the request also covers communications between Mr. Catanzaro and Church & Dwight, Proctor & Gamble, or any other individuals with regard to Mr. Catanzaro's underlying claims.

Accordingly I ask that requested materials be produced.

**Request for Production No. 6:** This request seeks non-privileged communications sent to or received by Mr. Catanzaro regarding the claims asserted in his complaint in this case. You indicate that responsive documents will be produced "save for the correspondence between Mr. Catanzaro, Mr. Porter, and Mr. DeRoche after Mr. Catanzaro learned that the terminal disclaimer prevented him from enforcing the '959 patent after the sale of the '532 patent." As with the aforementioned request, you object to producing said materials based on a belief they would be entirely duplicative.

To the extent your objection is based on an arbitrary point in time when Mr. Catanzaro claims to have learned that the '959 patent was unenforceable, your client's own answers to requests for admission make clear that the 959 patent has never been held to be unenforceable, your clients subjective beliefs notwithstanding. Setting that issue aside, however, your objection to this request is again improper as Mr. Catanzaro may well have communications with Defendants in his possession that are not in Mr. DeRoche's underlying file. Moreover, the document request specifically includes non-privileged communications with individuals other than Defendants regarding the claims asserted in Mr. Catanzaro's complaint, including "all communications relating to any attempt to reacquire the 532 Patent or enforce the 959 Patent." Your responses to other discovery requests make it clear that Mr. Catanzaro has pursued infringement claims against numerous entities since settling the underlying case and the communications related thereto are directly relevant to the claims and defenses asserted in this case.

I therefore again ask that the responsive documents be produced.

**Request for Production No. 10:** This request seeks communications between (1) Mr. Catanzaro or his counsel and (2) individuals, entities, or their counsel that Mr. Catanzaro has claimed infringed the 959 patent. You have refused to produce any responsive materials based on a claim that the materials are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Mr. Catanzaro's attempts to enforce the 959 patent through claims of infringement, and the communications associated therewith, are directly at issue in this case. Your client's entire malpractice action is premised on the claim that he has attempted to enforce the 959 patent but has been unable to do so because alleged infringers have informed him that the 959 patent is no longer enforceable, allegedly due to the acts or

Page 3

omissions of Mr. DeRoche and Mr. Porter. The requested communications will either contain, or be reasonably calculated to lead to the discovery of, admissible evidence on issues including but not limited to:

- What efforts Mr. Catanzaro has made to enforce the 959 patent and what claims of infringement were asserted;
- Whether Mr. Catanzaro apprised alleged infringers of the 959 patent of the existence of the 532 patent, its sale, and/or his stated belief that the 959 patent was no longer enforceable;
- Whether Mr. Catanzaro fraudulently mislead alleged infringers with regard to ownership of the 532 patent and/or his beliefs regarding the enforceability of the 959 patent;
- The defenses asserted by any alleged infringing entity resisting Mr. Catanzaro's claims of infringement and whether said defenses actually related to any act or omission by Defendants.

Your complaint indicates that Mr. Catanzaro's belief that the 959 patent is no longer enforceable is based on alleged infringers saying it is so. We are entitled to discover the requested communications, and I again ask that you produce the same.

**Request for Production No. 11:** This request seeks tax returns and other financial materials evidencing your client's income over the last 10 years. You have refused to produce the documents on the basis that the requested materials are irrelevant.

"For at least a half century Ohio courts have found that income tax returns are discoverable when a party has put his income at issue." *Hudson v. United Servs. Auto. Ass'n Ins. Co.*, 150 Ohio Misc. 2d 23, 2008-Ohio-7084, ¶16 (C.P. 2008); *Anderson v. A.C. & S., Inc.*, 83 Ohio App. 3d 581, 584, 615 N.E.2d 346 (9th Dist. 1992) (noting that "courts have come to recognize that Civ.R. 34 permits discovery of a taxpayer's income tax returns"). Mr. Catanzaro is seeking damages for lost revenue he alleges he would have received by continuing to assert patent infringement claims under the 959 patent but for the alleged malpractice of Defendants. You have further made clear that you are basing the value of alleged lost future revenue on your clients' past income from settlements with alleged infringers. Accordingly, you have placed Mr. Catanzaro's income directly at issue in this case, and the financial records requested are both relevant to this litigation and fully discoverable. Please provide the documents requested in Request for Production No. 11.

If after reviewing this letter disputes still remain with regard to any of the above discovery requests, please feel free to contact Monica or me to further discuss the same.

Page 4

Lastly, I would appreciate it if you would provide some dates in June during which you and your client are available for deposition.

Very truly yours,

Shane A. Lawson

SAL/sad

cc: Tom Mazanec (Via E-Mail: tmazanec@mrrlaw.com)
Elaine Tso (Via E-Mail: etso@mrrlaw.com)
Monica A. Sansalone