

| | CLEVELAND | TOLEDO | DETROIT |
|---|---|---|---|
| Gallagher Sharp ATTORNEYS | Sixth Floor Bulkley Building<br>1501 Euclid Avenue<br>Cleveland, Ohio 44115<br>216.241.5310 PHONE<br>216.241.1608 FAX | 420 Madison Avenue<br>Suite 1250<br>Toledo, Ohio 43604<br>419.241.4860 PHONE<br>419.241.4866 FAX | 39111 West Six Mile Road<br>Suite 141<br>Livonia, MI 48152<br>734.591.7468 PHONE<br>734.591.7467 FAX |

Shane A. Lawson
Direct Dial: 216.696.5054
slawson@gallaghersharp.com

PLEASE RESPOND TO CLEVELAND OFFICE

August 29, 2014

**E-Mail**: bartk@cooperelliott.com
Barton R. Keyes
Cooper & Elliott
2175 Riverside Drive
Columbus, Ohio 43221

RE: ***David Catanzaro v. Seaman Group, LLC***
USDC, ND of Ohio, Eastern Division
Case No. 1:13-cv-996-DAP, Judge Polster
GS File No.: 97441-122160

Dear Bart:

We have reviewed your August 28 correspondence seeking a "compromise" of Judge Polster's ruling regarding the production of Mr. Catanzaro's tax returns. We decline to agree to alter the production that the Court has ordered.

As you note, our document request originally sought Mr. Catanzaro's tax returns dating back to 2003. During the recent status conference we agreed to narrow our request to tax returns from 2007 to the present. Judge Polster ordered the returns be produced and specifically stated that he did not intend to reconsider his decision. Your request that we now make a further compromise is both contrary to the Judge's ruling and unsupported by the facts of this case and the applicable law.

It is incorrect to assume that patent revival is the only issue for which Mr. Catanzaro's tax returns are relevant. Your client is demanding $850,000 based on a claim that his income has been decreased by allegedly being unable to continue settling patent infringement claims pre-suit. You base the value of alleged lost future revenue on your clients' past income from settlements with alleged infringers. Your client has put his income directly at issue. *See, e.g., Sutherland v. City of Cincinnati*, S.D. Ohio No. 1:12-cv-205, 2013 U.S. Dist. LEXIS 72556 (May 22, 2013) (federal, state, and local tax returns discoverable when plaintiff places income at issue); *Dominion Liquid Techs., LLC v. GT Bev. Co., LLC*, S.D. No. 1:11-cv-444, 2013 U.S. Dist. LEXIS 70984 (May 20, 2013) (compelling production of tax returns based on claim of lost profits).

*www.gallaghersharp.com*


EXHIBIT 4

Page 2

To be frank, I believe it is no coincidence that your client is willing to produce his tax returns for all years except the years in which he was settling cases with other entities for alleged infringement. How much money Mr. Catanzaro earned during the years of 2010, 2012, and 2013 as a result of any settlements, and what amount of revenue he actually claimed and reported to the IRS on his tax returns is directly relevant to your client's claims of lost revenue.

If your client persists in further delaying discovery by refusing to produce all tax returns from 2007 to the present we must reserve the right to seek the imposition of sanctions, including reimbursement for all attorney fees incurred in responding to any post-order briefing filed by Plaintiff, as well as an adverse inference with regard to Mr. Catanzaro's refusal to produce the returns.

Accordingly, I again ask that you provide Mr. Catanzaro's tax returns from 2007 to the present as soon as possible. We also await receipt of Mr. Catanzaro's medical and psychological records.

Very truly yours,

*Shane A. Lawson*

Shane A. Lawson
SAL/sad
cc: Tom Mazanec (Via E-Mail: tmazanec@mrrlaw.com)
    Elaine Tso (Via E-Mail: etso@mrrlaw.com)
    Monica A. Sansalone, Esq.