**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID CATANZARO, | : | CASE NO. 1:13CV996 |
| | : | |
| *Plaintiff*, | : | JUDGE DAN AARON POLSTER |
| | : | |
| v. | : | |
| | : | |
| SEAMAN GARSON LLC/LLP, *et al.* | : | |
| | : | |
| *Defendants*. | : | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S DECEMBER 15,
2014, JUDGMENT OF DISMISSAL PURSUANT TO FED.R.CIV.P. 59(e)**

Now comes Plaintiff, David Catanzaro, by and through counsel, pursuant to Fed.R.Civ.P.

59(e), and respectfully requests that this Honorable Court alter or amend its December 15, 2014,

judgment of dismissal in the following manner:

1. That this case be stayed as opposed to being dismissed without prejudice;

2. That the statute be tolled until 90 days after a final judgment in the patent enforcement

   litigation; and

3. That Mr. Catanzaro be permitted to proceed in this action on the damages for the time

   period for which there can be no dispute as to common ownership.[1]

A *Memorandum of Points and Authorities* in support of Plaintiff's motion is attached

hereto and incorporated herein by reference.


Respectfully submitted,

---

[1] The assignment of the '532 patent was entered into on February 28, 2011.  Church & Dwight
permitted the '532 patent to expire on February 22, 2012.  Consequently, there can be no dispute
as to whether Mr. Catanzaro lost his right to enforce the '959 during this period since there was
no common ownership.

/s/ Joseph J. Triscaro
Joseph J. Triscaro (0081209)
DeMarco & Triscaro, Ltd.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139
(440) 248-8811
(440) 248-1599 (Facsimile)
jtriscaro@demarcotriscaro.com


*Attorney for Plaintiff*
*David Catanzaro*

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **STATEMENT OF PERTINENT FACTS AND LAW**

   a.  **The '532 and '959 Patents**

Mr. Catanzaro owned two U.S. patents, specifically, numbers 6,026,532 ("532") and 7,653,959 B1 ("959"). The '532 patent was dated February 22, 2000.  The '532 patent included claims for a toothbrush assembly having a stand in the shape of feet to receive the handle end of a toothbrush.

The '959 patent was dated February 2, 2010.  The '959 patent includes claims for a stand in the shape of feet with a recess to receive an article.  As is common in continuation applications, Mr. Catanzaro had to file a terminal disclaimer for the '959 patent to avoid a rejection for judicially created double patenting with the '532 patent.  Federal regulations require that such a terminal disclaimer provide that any patent granted on the application will be enforceable only while commonly owned with the patent that creates the double patenting issue. 37 C.F.R. §1.321(c)(3).   As required by the regulation, it provides: "The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned."

   b.  **The Proctor & Gamble Infringement Litigation**

Mr. Catanzaro sued Proctor & Gamble, Church & Dwight, and other defendants for infringing his '532 patent based on the manufacture and distribution of certain Crest SpinBrush products.

Although Mr. Catanzaro originally filed the Proctor & Gamble lawsuit pro se, Mr. Porter and Mr. DeRoche (the current defendants in this instant action) ultimately represented him.  The engagement contract provided that Mr. Porter and Seaman Garson were jointly responsible for the representation.

**c.  The mediation, settlement, and '532 assignment**

The parties mediated the case on February 14, 2011.  Proctor & Gamble and Church & Dwight agreed to pay Mr. Catanzaro a sum certain to settle the case.  For tax purposes, Mr. Catanzaro preferred that Church & Dwight accept an assignment of the '532 patent, which was communicated to Mr. Porter and Mr. DeRoche prior to the mediation.  The settlement agreement provided for such assignment.  Mr. Catanzaro also wanted to keep the rights to enforce his '959 patent against others.  Accordingly, the settlement agreement purported to grant Proctor & Gamble, Church and Dwight, and their distributors a non-exclusive, irrevocable license under the '959 patent.

Mr. Porter and Mr. DeRoche knew about the '959 patent before the mediation and settlement agreement.  In late 2010, they even had discussions with Mr. Catanzaro about potential infringement of this patent.

Mr. Catanzaro did not know—and his attorneys did not advise him—that the common ownership requirement in the '959 patent's terminal disclaimer meant that by assigning the '532 patent, he gave up the right to enforce the '959 patent.  Multiple cases have upheld the common ownership requirement, including:

- *Merck & Co., Inc. v. U.S. International Trade Commission*, 774 F.2d 483 (Fed. Cir. 1985): Because of the common ownership requirement in the terminal disclaimer, the assigned patent subject to the disclaimer could not be enforced unless the related patents specified in the disclaimer were also assigned.

- *Voda v. Medtronic, Inc*., No. CIV-09-95-L, 2011 WL 10820070 (W.D. Okla. Aug. 17, 2011):  The plaintiff attempted to enforce a patent subject to a terminal disclaimer when he no longer owned one of the related patents.  The court dismissed the claim and held that the plaintiff had to own all of the patents not only during the time of infringement, but also during the time of the lawsuit.

- *Email Link Corp. v. Treasure Island, LLC*, No. 2:11-cv-01433, 2012 WL 4482576 (D. Nev. Sept. 25, 2012): Because it assigned the prior related patent, the owner of a later patent subject to a terminal disclaimer could not enforce the later patent.

- 4 -

Knowing about the '959 continuation patent, and knowing that Mr. Catanzaro wanted to assign the '532 parent patent, Mr. Porter and Mr. DeRoche should have determined whether Mr. Catanzaro had filed a terminal disclaimer in the course of obtaining the '959 patent.  Had they reviewed the publicly-available file for the '959 patent on the PTO's website, they would have seen the terminal disclaimer.  Had they done that, they would have advised Mr. Catanzaro that he could not assign the '532 patent and still retain the legal right to enforce the '959 patent.

    d.  **Expiration of the '532 Patent**

The assignment of the '532 patent was entered into on February 28, 2011.  Church & Dwight let the '532 patent expire on February 22, 2012.  Consequently, there can be no dispute as to whether Mr. Catanzaro lost his right to enforce the '959 during this period since there was no common ownership.  Defendants have conceded the same.

Further, the Defendants presented no evidence and there is nothing in the public domain, Patent and Trademark office, or in the sale and assignment agreement between Plaintiff and Church & Dwight that states that from February 25, 2011 to March 19, 2012, Church & Dwight: (1) Statutorily disclaimed all claims of the '532 patent; (2) Dedicated all claims of the '532 patent to the public; and (3) Made Covenants not to sue third parties that rendered the '959 patent enforceable.

The '532 patent has never not been deemed invalid or unenforceable by any  judicial order.

    e.  **Dismissal of the Litigation**

Based upon the foregoing, Mr. Catanzaro filed suit. After discovery was completed, this Court, *sua sponte*, dismissed this case without prejudice.  The Court then tolled the statute of limitations for a period of six months to permit Mr. Catanzaro to file a patent enforcement action

- 5 -

against an alleged infringer. The Court further stated that "[s]hould Catanzaro file such an action, the tolling of the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation."

In the December 15, 2014, dismissal entry the Court also stated that "[i]f Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates. If a court should determine in the patent litigation that Catanzaro cannot enforce the '959 Patent on some basis other than the Terminal Disclaimer, Catanzaro's malpractice case against his former attorneys also evaporates." However, the Court failed to recognize the period between February 28, 2011, and February 22, 2012, where there can be no dispute as to common ownership and Mr. Catanzaro's ability to enforce the '959 patent.

II.      **LAW AND ARGUMENT**

a.   **Fed.R.Civ.P 59(e)**

A Court may grant a Rule 59(e) motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. See *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Here, Mr. Catanzaro submits that there is a clear error of law and a manifest injustice.

b.   **Request for a Stay**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court*, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted). See also *Clinton v.*

*Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In the instant matter, Mr. Catanzaro requests that this matter be stayed as opposed to dismissed.  In support thereof, Mr. Catanzaro submits that he be permitted to reactivate this case even if he prevails in an underlying patent infringement action since he will still have approximately one year of damages for the time that Church & Dwight owned the patent prior to its expiration.  The Court's entry provided that "[i]f Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates."

### c.  Request for Additional Tolling Time

The Court's dismissal entry provides that the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation.  This case was filed just before the applicable statute of limitations expired.  Conceivably, Mr. Catanzaro could be required to file a new action against the Defendants herein on the same day a final judgment is rendered in litigation involving the enforcement of his patent.  At certain times, the date for which a final judgment may be rendered cannot be anticipated.  Requiring Mr. Catanzaro to file a new action against Defendants on that same date a final judgment is entered in a patent action in order to preserve Mr. Catanzaro's statute of limitations would be unduly burdensome and manifestly unjust.  Consequently, Mr. Catanzaro requests that this Court alter its judgment by tolling the statute for a period of 90 days after a final judgment in the patent enforcement litigation.  There may be matters addressed in the final judgment that may affect the parties' positions in this case.  Accordingly, Mr. Catanzaro will need additional time to review any final judgment before refiling this action.

### d.  Request to Proceed for the Time Period for which there can be no Dispute as to Common Ownership

It is manifestly unjust to dismiss Mr. Catanzaro's claims relating to time period from the date of the assignment to the expiration of the '532 patent.  There can be no dispute that there was not common ownership during this time period, and thus pursuant to the terminal disclaimer the '959 patent was unenforceable.

The Court provides that "[i]f Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates." This is a clear error of law since even if Mr. Catanzaro does prevail in a patent enforcement action he still will have damages related to the approximate one year period before the expiration of the '532 patent.

Consequently, Mr. Catanzaro respectfully requests that he be permitted to proceed in this action related to the damages for the time period for which there can be no dispute as to common ownership.

### III.   **CONCLUSION**

Based upon the foregoing, Mr. Catanzaro respectfully requests:

1. That this case be stayed as opposed to being dismissed without prejudice;

2. That the statute be tolled until 90 days after a final judgment in the patent enforcement litigation;

3. That Mr. Catanzaro be permitted to proceed in this action regarding the damages for the time period for which there can be no dispute as to common ownership; and

4. That Mr. Catanzaro be permitted to notify the Court if he is engaged in a patent action within the court ordered 6-month stay period, which will allow him to immediately reactivate this case for the approximate one year of damages or wait until final Judicial order from a patent action to reactivate this case

A proposed order is attached hereto as ***Exhibit 1*** for the Court's convenience.

Respectfully submitted,


/s/ Joseph J. Triscaro
Joseph J. Triscaro (0081209)
DEMARCO & TRISCARO, Ltd.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139
(440) 248-8811
(440) 248-1599 (Facsimile)
jtriscaro@demarcotriscaro.com


*Attorney for Plaintiff*
*David Catanzaro*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically this 9th day of January, 2015, and the following will be served by operation of the court's electronic filing system:

Thomas S. Mazanec, Esq.
Elaine Tso, Esq.
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio  44139

*Attorneys for Defendant*
*Wayne D. Porter, Jr.*


Monica A. Sansalone, Esq.
Timothy T. Brick, Esq.
Shane A. Lawson, Esq.
Gallagher Sharp
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115

*Attorneys for Defendants*
*Seaman Garson, LLC/LLP and*
*James A. Deroche*


/s/ Joseph J. Triscaro
Joseph J. Triscaro (0081209)
DEMARCO & TRISCARO, LTD.