IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO, | : | CASE NO. 1:13CV996 |
| *Plaintiff*, | : | JUDGE DAN AARON POLSTER |
| v. | : | |
| SEAMAN GARSON LLC/LLP, *et al.* | : | **PROPOSED ORDER** |
| *Defendants*. | : | |

On May 2, 2013, Plaintiff David Catanzaro initiated a legal malpractice action against the Defendants by filing a Complaint in this Court. Catanzaro alleges that he suffered damages as a result of the Defendants' "failure to properly represent" him in a patent infringement action that he filed in the Middle District of Pennsylvania, *Catanzaro v. Procter & Gamble,* et al, Case No. 3:09cv2231 (the "Pennsylvania Action"). Specifically, Plaintiff alleges that he was induced to enter into a Patent Purchases, Assignment and Settlement Agreement which caused him to alienate his interest in U.S. Patent No. 6, 026,532 ("the '532 Patent") and give up his interest in a continuation patent, U.S. Patent No. 7, 653,959 ("the '959 Patent"). As part of this settlement agreement, Plaintiff alleges that he was advised by his lawyers to agree to "sell and assign all right, title and interest in the '532 Patent to Church and Dwight" and to grant a non-exclusive use license to Proctor & Gamble and Church & Dwight under the '959 Patent.

The '532 Patent was enforceable by Church and Dwight from February 25, 2011 to March 19, 2012. The '532 Patent expired as a result of Church and Dwight's failure to pay a required maintenance fee by February 22, 2012. The '532 patent remains expired to this present day.

Plaintiff alleges that after the parties settled the Pennsylvania Action he continued to bring infringement claims in connection with the '959 patent. Plaintiff alleges that in May 2012, while

he was negotiating an infringement claim against Elmer's Products, Inc., ("Elmer") he was informed by Elmer's attorney that he lost his rights in the '959 Patent. According to Catanzaro, the attorney told him that the '959 Patent had a "Terminal Disclaimer" which rendered his '959 Patent unenforceable because it required that the '532 and '959 Patents be jointly owned. Based on what this attorney allegedly told him, Catanzaro filed the instant malpractice case, contending that Defendants never advised him he would lose the right to enforce his '959 Patent when he settled the Pennsylvania Action.

The court has determined that there is no dispute that the Terminal Disclaimer rendered the '959 Patent unenforceable from February 25, 2011 to February 22, 2012 which is the time period the '532 Patent was enforceable by Church and Dwight.

The Court has further determined that this case cannot be litigated in its current posture to include a damages period after February 22, 2012 as Plaintiff Catanzaro is seeking damages from his former counsel for the loss of his '959 Patent rights from February 22, 2012 to present, alleging that his patent is no longer enforceable due to the Terminal Disclaimer. The problem with this claim is that there has been no judicial determination that Catanzaro cannot enforce the '959 Patent during this time period. Defendants maintain that from February 22, 2012 to present, the patent is still enforceable, and until recently, Catanzaro has been enforcing it.

Federal courts cannot issue advisory opinions. *See Bowler v. Young,* 55 F. App'x 187, 188 (4th Cir. 2003) ("In order for a federal court to exercise jurisdiction over an action, the dispute must satisfy the case or controversy requirement of Article III of the Constitution. A case or controversy exists if the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests. [T]he court may not issue what amounts to an advisory opinion on what the law would be under a hypothetical set of facts."). As part of his case, Catanzaro wants

this court to invalidate his '959 Patent, or to hold that he has lost the right to enforce it in perpetuity from February 25, 2011 to present, but there is nobody in this case who is allegedly infringing his patent and maintaining that Catanzaro has lost his right to enforce it during this entire time period. To be entitled to damages against his former counsel from February 22, 2012 to present, Catanzaro must demonstrate that he has lost the right to enforce his patent due to Defendants' malpractice in connection with the Terminal Disclaimer. Since Defendants maintain that Catanzaro has not lost the right to enforce his '959 Patent from February 22, 2012 to present, the only way this issue can be decided is through a true adversarial proceeding, one in which the plaintiff (Catanzaro) seeks to enforce his patent, and the defendant (someone using Catanzaro's patent) defends on the basis that Catanzaro has lost the right to currently enforce it. If Catanzaro prevails in a patent action, the only period that will be addressed in this case will be from February 25, 2011 to February 22, 2012. If a court should determine in the patent action that Catanzaro cannot enforce the '959 Patent on some basis other than the Terminal Disclaimer, Catanzaro will still have a damages period from February 25, 2011 to February 22, 2012, but he should carefully consider the strength of his position based on the reasoning as to why the 959 patent was found not enforceable. If, however, Catanzaro loses a patent action on the basis of the Terminal Disclaimer, then he has a basis to assert damages from February 22, 2012 to present.

Accordingly, this case is stayed for a period of six months (*beginning from this final order date*) to permit Catanzaro to engage in a patent enforcement action against an alleged infringer. Should Catanzaro engage in such an action, the case will remain stayed until 90 days after a final judgment in the patent enforcement action. If Catanzaro dose not engage in a patent enforcement action within the court ordered time frame, the case will proceed only taking into account a damages period from February 25, 2011 to February 22, 2012. Mr. Catanzaro shall inform the

court during the initial 6 month stay period if he is engaged in a patent action or if he is going to continue this case to include only the existing damages period.

  IT IS SO ORDERED.

                  _____
                  **Judge Dan Aaron Polster**
                  **United States District Judge**