### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID CATANZARO,** | ) | CASE NO.  1:13-cv-00996-DAP |
| | ) | |
| **Plaintiff** | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | DEFENDANTS' JOINT BRIEF IN |
| | ) | OPPOSITION TO PLAINTIFF'S |
| **SEAMAN GARSON, LLC/LLP, et al.** | ) | MOTION TO ALTER OR AMEND THE |
| | ) | COURT'S DECEMBER 15, 2014 ORDER |
| **Defendants** | ) | OF DISMISSAL WITHOUT |
| | ) | PREJUDICE |
| | ) | |

Defendants Seaman Garson, LLC, James A. DeRoche, and Wayne D. Porter ("Defendants"), hereby jointly submit their brief in opposition to Plaintiff's Fed.R.Civ.P. 59(e) motion to alter or amend the Court's December 15, 2014 Order dismissing Plaintiff's complaint without prejudice.

## I.     INTRODUCTION

Mr. Catanzaro asks this Court to vacate its dismissal Order to allow Mr. Catanzaro to segment his legal malpractice cause of action and proceed to prosecute a single year of alleged, unproven damages while the remainder (and vast majority) of his case is stayed pending resolution of patent enforcement litigation.  Mr. Catanzaro cites no case in support of such extraordinary relief.  Rather, Mr. Catanzaro's motion is based on nothing more than unhappiness with the Court's ruling that his claims are not fully ripe for adjudication. General unhappiness is not a valid basis for relief under Fed.R.Civ.P. 59(e).

Mr. Catanzaro's request for a stay does not fall under any of the narrowly-tailored grounds that can warrant relief under Rule 59.  If the Court reinstates this matter, however, Mr.

Catanzaro's entire cause of action should be stayed. Mr. Catanzaro has offered no justification for engaging in the highly disfavored practice of piecemeal litigation, and his motion ignores the significant prejudice Defendants would suffer as a result. Mr. Catanzaro's request to fracture this case so it can be litigated twice should be denied.

Moreover, if the Order of dismissal is vacated, Defendants should be given leave to file for summary judgment based on the applicable one-year statute of limitations and Defendants' limited scope of representation in the underlying action. Unlike Mr. Catanzaro's request to split and litigate alleged damages by year, these defenses are applicable to all of Mr. Catanzaro's claims and can be adjudicated at once. All relevant discovery has been completed, and these defenses are ripe for determination as they do not depend on, and can be determined without regard to, any auxiliary litigation concerning enforceability of the 959 or 532 patents.[1]

Mr. Catanzaro's request for piecemeal adjudication of his legal malpractice cause of action should be denied, and if this matter is reinstated and stayed, Defendants should be provided leave to seek summary judgment based on the statute of limitations and Defendants' limited scope of representation.[2]

## II. LAW AND ARGUMENT

### A. *Applicable Standard for Motions to Alter of Amend Judgments*

The grounds on which a Court's judgment can be altered or amended under Fed.R.Civ.P. 59(e) are limited and narrow in scope. A district court may grant a Rule 59(e) motion "only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Robbins v. Saturn Corp.*, 532 Fed.

---

[1] Defendants would reserve their numerous other defenses to Mr. Catanzaro's claims for if and when any stay issued is lifted.

[2] As this Court may recall, Defendants were prepared to file their dispositive motion when the case was dismissed.

Appx. 623, 632 (6th Cir. 2013). In seeking reconsideration, Mr. Catanzaro "must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision." *Roberts v. United States*, No. 1:06 CR 416, 2011 U.S. Dist. LEXIS 80255 (N.D. Ohio July 21, 2011) (citations omitted).

District courts have "considerable discretion under Rule 59(e)." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "In exercising this discretion, however, courts are to remain conscious that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. City of Saginaw*, No. 12-cv-11916, 2013 U.S. Dist. LEXIS 113123, 5-6 (E.D. Mich. Aug. 12, 2013) (citations omitted); *Banks v. Pugh*, No. 4:13cv2522, 2014 U.S. Dist. LEXIS 126139 (N.D. Ohio Sept. 9, 2014) ("Such a motion is extraordinary and is seldom granted, because it contradicts notions of finality and repose."). "Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Integrated Architecture, LLC v. New Heights Gymnastics, LLC*, No. 3:09 CV 1696, 2011 U.S. Dist. LEXIS 76164 (N.D. Ohio July 14, 2011).

> **B.** **Mr. Catanzaro's Request to Litigate a Single Year of Unproven, Alleged Damages while Holding the Remainder of His Claims in Abeyance Should be Denied. The Request has No Justification under Fed.R.Civ.P. 59(e), and Seeks to Prejudice Defendants by Engaging in Piecemeal Litigation that would Throw Judicial Economy to the Proverbial Wind.**

Mr. Catanzaro's complaint asserted that Defendants' alleged negligence rendered his 959 patent unenforceable from February, 2011 to the patent's expiration in December, 2016, and that he has suffered damages for each year of alleged unenforceability. As the 959 patent has never been invalidated or otherwise adjudicated unenforceable, the Court's December 15, 2014 Order held that this case "cannot be litigated in its current posture" because "[f]ederal courts cannot

3

issue advisory opinions." (Dec. 15 Order at 2.) The Court dismissed Mr. Catanzaro's complaint without prejudice so he could undertake separate litigation to determine whether his right to enforce the 959 patent was actually lost.

In contesting the Court's judgment, Mr. Catanzaro does not contend his malpractice cause of action can be fully adjudicated in its present posture. Rather, Mr. Catanzaro inexplicably argues that it was manifestly unjust to dismiss this action without prejudice instead of staying a majority of his claims but allowing Mr. Catanzaro "to proceed . . . on the damages for the time period for which there can be no dispute as to common ownership." (Pl's Mtn. at 1.) Mr. Catanzaro asks this Court to vacate its Order of dismissal in favor of litigating liability and damages for the single year of 2011 while simultaneously staying issues of liability and damages for all other years so they may be litigated at some future date. Mr. Catanzaro's argument defies logic. It is his requested relief, not the December 15, 2014 Order, that would amount to manifest injustice.

As an initial matter, and contrary to Mr. Catanzaro's wishful thinking, the contention that there is "no dispute as to common ownership" of the two patents during 2011 does not lead to the conclusion that there is no dispute as to liability and damages. The existence of both liability and damages for any time period, including 2011, is highly disputed irrespective of common ownership. Defenses to Plaintiff's claims are legion, and include expiration of the statute of limitations, scope of representation, and invalidity of the 532 and/or 959 patents based on prior art, improper prosecution, and/or improper revival. Mr. Catanzaro has further admitted he repeatedly enforced his 959 patent throughout 2011, rendering his alleged damages inherently

speculative.  Additional defenses also exist with regard to Mr. Catanzaro's claimed damages from 2012 to 2016.[3]

Allowing Mr. Catanzaro to proceed on a single year of alleged damages while staying the remainder of his claims would require the Court to fully litigate complex issues of liability and damages now, potentially subject that ruling to appeal, and then re-litigate both old and new complex issues of liability and damages at some later date, which would then be subject to a second appeal.  The resulting prejudice to Defendants is undeniable, and courts have universally rejected such fractured adjudication of claims.

Indeed, it is well-settled that "[c]ourts cannot decide cases through piecemeal litigation." *Kings Dodge, Inc. v. Chrysler Group, LLC*, No. 1:12-cv-445, 2014 U.S. Dist. LEXIS 16355 (S.D. Ohio Feb. 10, 2014).  *See also Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2010 U.S. Dist. LEXIS 26240 (S.D. Tex. Mar. 1, 2010) (recognizing "the strong disfavor of piecemeal litigation in federal courts").  This is especially true in the context of Rule 59(e) motions to alter or amend judgments.  *See Kings Dodge*, *supra* (denying Rule 59(e) motion that would have resulted in piecemeal litigation); *Grider v. Carver*, 767 F. Supp. 2d 1246 (M.D. Ala. 2011) (denying plaintiff's Rule 59(e) motion and noting the preference for a one-time resolution of defenses as to all claims rather than "the piecemeal resolution that would have resulted if the court had granted the plaintiffs' motion to alter or amend.").

While Mr. Catanzaro alleges manifest injustice, such a claim "requires that there exist some fundamental flaw in the court's decision[.]"  *Banks v. Pugh*, No. 4:13cv2522, 2014 U.S. Dist. LEXIS 126139, *4 (N.D. Ohio Sept. 9, 2014).  This Court had discretion to dismiss Mr.

---

[3] These additional defenses include, but are not limited to, the terminal disclaimer being rendered moot by the expiration of the 532 patent in February, 2012.

5

Catanzaro's complaint without prejudice pending ripeness for full adjudication.[4] As a matter of law, no fundamental flaw can be found in the Court's refusal to instead engage in piecemeal litigation that would force Defendants to defend against Mr. Catanzaro's claims on two separate occasions. *See Komaromy v. City of Cleveland*, 232 F.R.D. 590, 592 (N.D. Ohio 2006) ("The authority to dismiss a case under Rule 41(b) is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.").

If Mr. Catanzaro's complaint is reinstated, it should be stayed in its entirety. Mr. Catanzaro's request to vacate the December 15, 2014 Order in favor of proceeding with partial adjudication of his legal malpractice cause of action should be denied.[5]

### C. If the Court Vacates its December 15, 2014 Order, Defendants should be Allowed to Seek Summary Judgment on their Statute of Limitations and Scope of Representation Defenses.

If the Court determines Mr. Catanzaro's complaint should be reinstated and stayed, then Defendants request an opportunity to file for summary judgment on their respective statute of limitations and scope of representation defenses.[6] Unlike Mr. Catanzaro's request for piecemeal adjudication of his claims, these defenses are applicable to Mr. Catanzaro's entire legal malpractice cause of action and need only be briefed and decided once. All discovery pertaining

---

[4] The Court in fact lacks subject matter jurisdiction over unripe claims. *See Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised *sua sponte* if not raised by the parties.").

[5] Mr. Catanzaro's Motion also contains a throw-in argument that the Court committed "a clear error of law" by indicating Mr. Catanzaro's claims may evaporate if his 959 patent was found to be enforceable. (Pl's Mtn. at 8.) The Court's observation is accurate, but regardless is merely dicta. The Court's Order dismissed the case without prejudice, and did not condition re-filing on a specific outcome in the contemplated patent infringement action. Mr. Catanzaro's "clear error" argument has no factual or legal basis and should be rejected.

[6] In so doing, Defendants do not waive and would preserve all other defenses.

to these defenses has been completed, and a decision on the defenses is not dependent on the result of any ancillary patent infringement action. Defendants' statute of limitations and scope of representation defenses are ripe for adjudication, and would serve the interests of judicial economy by potentially resolving all of Mr. Catanzaro's claims against Defendants. Any Order reinstating this case should include leave for Defendants to seek summary judgment.

### III.   CONCLUSION

Mr. Catanzaro's legal malpractice cause of action cannot be split and litigated piecemeal. Mr. Catanzaro has failed to demonstrate such relief is warranted under Fed.R.Civ.P. 59(e), and his request to partially litigate his claims should be denied. Moreover, if this case is reinstated, leave for Defendants to seek summary judgment is warranted.

Respectfully submitted,

/s/Shane A. Lawson
**MONICA A. SANSALONE (#0016543)**
**SHANE A. LAWSON (#0086275)**
**Gallagher Sharp**
Sixth Floor-Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
PH: 216-241-5310 FAX: 216-241-1608
E-mail:  msansalone@gallaghersharp.com
            slawson@gallaghersharp.com
*Attorneys for Defendants Seaman Garson, LLC and James A. DeRoche*

/s/ Tom Mazanec  (per consent)
**THOMAS S. MAZANEC (0009050)**
**ELAINE TSO (0081474)**
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio  44139
PH: 440-248-7906 FAX: 440-248-8861
E-Mail: tmazanec@mrrlaw.com
            etso@mrrlaw.com
*Attorneys for Defendant Wayne D. Porter, Jr.*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on January 15, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

      /s/Shane A. Lawson
      **MONICA A. SANSALONE (#0016543)**
      **SHANE A. LAWSON (#0086275)**
      **Gallagher Sharp**
      *Attorneys for Defendants Seaman Garson, LLC*
      *and James A. DeRoche*