# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DAVID CATANZARO.,** | Case No. 1:13 CV 996 |
| Plaintiff, | Judge Dan Aaron Polster |
| vs. | |
| | ORDER |
| **SEAMAN GARSON LLC/LLP et al.,** | |
| Defendants. | |

On May 2, 2013, Plaintiff David Catanzaro initiated a legal malpractice action against the Defendants by filing a Complaint in this Court. In the Complaint, Mr. Catanzaro contends that Defendants' alleged negligence rendered his interest in a patent, U.S. Patent No. 7, 653,959 ("the '959 Patent"), unenforceable from February, 2011 to the patent's expiration in December, 2016, and that he has suffered damages for each year of alleged unenforceability. Because the '959 Patent has never been invalidated or otherwise adjudicated unenforceable, on December 15, 2014, the Court issued an Order in which it held that this case "cannot be litigated in its current posture" because "[f]ederal courts cannot issue advisory opinions." (Doc. # 52, Dec. 15 Order at 2). The Court dismissed Catanzaro's Complaint without prejudice and tolled the statute of limitations:

> The Court tolls the statute of limitations as of today for a period of six months (June 12, 2015) to permit Catanzaro to file a patent enforcement action against an alleged infringer. Should Catanzaro file such an action, the tolling of the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation. (Doc. # 52 at 2).

On January 9, 2015, Catanzaro filed a Motion to Alter or Amend the Court's December

15, 2014 Order Pursuant to Fed. R. Civ. P. 59 (e) ("Motion to Alter or Amend" or "Motion"). Catanzaro asks that the Court alter or amend its December 15, 2014 Order in the following manner:

> 1.That this case be stayed as opposed to being dismissed without prejudice;
>
> 2.That the statute be tolled until 90 days after a final judgment in the patent enforcement litigation; and
>
> 3.That Mr. Catanzaro be permitted to proceed in this action on the damages for the time period for which there can be no dispute as to common ownership.

On January 15, 2015, Defendants filed a brief opposing Defendants' Motion ("Opposition Brief") and, on January 22, 2015, Catanzaro filed a reply brief. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Catanazaro's Motion.

Federal Rule of Civil Procedure 59(e) provides limited grounds upon which a district court can alter or amend its judgment. A district court may grant a Rule 59(e) motion "only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Robbins v. Saturn Corp.,* 532 Fed. Appx. 623, 632 (6th Cir. 2013) (citation omitted). "The grant or denial of Rule 59 (e) motion is within the informed discretion of the district court. However, relief under Rule 59(e) is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Hutton v. Mitchell*, 2012 WL 4060136, *1 (N.D. Ohio 2013). "Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Integrated Architecture, LLC v. New Heights Gymnastics, LLC,* 2011 WL 2748647, * 1 (N.D. Ohio July 14, 2011). Rather, the

purpose of Rule 59(e) "is to allow the district courts to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. U.S.,* 533 F.3d 472, 475 (6th Cir. 2008).

Catanzaro contends that his Motion to Alter or Amend is based on a clear error of law and a manifest of injustice. However, nowhere in Catanzaro's Motion does he argue that his malpractice cause of action can be fully adjudicated in its present posture, the basis on which the Court dismissed this action. Rather, Catanzaro argues that it is manifestly unjust and a clear error of law for the Court to dismiss his claims for the time period for which there can be no dispute as to common ownership. This argument is based on Catanzaro's claim that, as a result of the Defendants' alleged negligence, he entered into an agreement to assign his interest in U.S. Patent No. 6, 026, 532 ("the '532 Patent") and that in doing so he gave up his interest in the '959 Patent. According to Catanzaro, he gave up his interest in the '959 Patent because the Defendants failed to advise him that the '959 Patent had a terminal disclaimer which required that the '532 Patent and the '959 Patent be jointly owned (i.e., the "common ownership" requirement). Catanzaro argues that because he assigned his interest in the '532 Patent on February 28, 2011 and the '532 Patent expired on February 22, 2012, there can be "no dispute as to whether Mr. Catanzaro lost his right to enforce the '959 Patent during this period since there was no common ownership." As such, Catanzaro argues that the Court should stay the case, instead of dismissing it without prejudice, and that the Court should allow the case to proceed with regard to the "time period for which there can be no dispute as to common ownership." The Court disagrees.

To prevail under the "manifest injustice" prong of Rule 59(e), Catanzaro has to show that

there is a "fundamental flaw in the [C]ourt's decision, that, without correction would lead to a result that is both inequitable and not in line with applicable policy." *See Banks v. Pugh,* 2014 WL 4441470, *2 (N.D. Ohio, Sept. 9, 2014). Catanzaro has failed to do so. As Defendants' point out, Catanzaro's contention that there is "no dispute as to common ownership" of the two patents from February 29, 2011 until February 22, 2012 does not necessarily mean that there is no dispute as to liability and damages. Thus, allowing Catanzaro to proceed with respect to Defendants' alleged liability for this period means that the Court would have to decide issues of liability and damages now and then potentially re-litigate both old and new issues of liability at some later date. That the Court has decided to avoid doing so does not amount to a "fundamental flaw in the court's decision."

Catanzaro also argues that the Court committed a "clear error of law" when it noted that "[i]f Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates." According to Catanzaro, this is a "clear error of law since even if Mr. Catanzaro does prevail in a patent enforcement action he still will have damages related to the approximate one year period before the expiration of the '532 Patent." The Court finds that this argument is unpersuasive. As the Court noted in its December 15 Order, "there has been no judicial determination that Catanzaro cannot enforce the '959 Patent." (Dec. 15 Order at 2). Thus, "if Catanzaro loses his patent enforcement case on the basis of the Terminal Disclaimer, then he has a basis to re-file his malpractice case against his former attorneys." (Dec. 15 Order at 3).

As to Catanzaro's request for additional tolling time, the Court finds that, in the interest of justice, Catanzaro should be permitted a reasonable time period to re-file this action after he receives a final judgment in the patent infringement action. Thus, if Catanzaro chooses to file an

infringement action and the court in that action determines that because of the terminal disclaimer the '959 Patent was unenforceable, then Catanzaro has thirty days from the date of the final judgment in that action to re-file his legal malpractice case against the Defendants.

**IT IS SO ORDERED.**

                                                */s/ Dan A. Polster 2/2/2015*
                                                **Dan Aaron Polster**
                                                **United States District Judge**